BOARDMAN, Judge.
Cleveland Hill, Jr., appeals the trial court’s denial of his motion for postconviction relief filed pursuant to rule 3.850, Florida Rule of Criminal Procedure. We reverse and remand.
Pursuant to a plea agreement, appellant pled guilty to obtaining property in return for a worthless check and was adjudicated guilty and placed on probation for three years, with the special conditions that he serve ninety days in jail and pay restitution and other specified costs.
Appellant’s motion for postconviction relief seeks withdrawal of his guilty plea on the grounds that (1) the trial court failed to comply with the sentencing portion of the plea agreement, and (2) appellant misunderstood the conditions of the proffered plea bargain and believed that his probationary period would be limited to one year. The record setting forth appellant’s plea colloquy refutes his contention that he misunderstood the conditions of the proposed probationary period, but we find merit in his assertion that the trial court departed from the plea bargain.
The record shows that at the plea hearing, the trial court announced its intention to impose probation, possible jail time, restitution, and costs of probation. At the subsequent sentencing hearing, however, the court imposed an additional condition that appellant pay a $2500 fine which had not been mentioned at the earlier plea hearing, which fine was to defer the cost of appellant’s incarceration.[1] Appellant objected that he could not then pay the $2500 fine and was informed by the trial court that he would be given the first two years of his probationary period within which to make payment.
When presented with appellant’s rule 3.850 motion protesting the above departure from the plea bargain, the trial court held a nonevidentiary hearing and denied postcon-vietion relief on the basis of the court’s own recollection of appellant’s presentence negotiations and plea colloquy. The court expressed the belief that the transcript of these negotiations reflected discussion of the $2500 fine.
Our review of the record discloses no reference to the challenged fine at the plea hearing. Therefore, we submit that the trial court departed from the terms of the plea bargain in imposing the $2500 fine.
Accordingly, we REVERSE and REMAND to the trial court with directions to either strike the $2500 fine or allow appellant the opportunity to withdraw his guilty plea. Davis v. State, 308 So.2d 27 (Fla.1975); Newberry v. State, 421 So.2d 546 (Fla. 4th DCA 1982), voluntarily dismissed, 426 So.2d 27 (Fla.1983); Freeman v. State, 376 So.2d 294 (Fla. 2d DCA 1979).
OTT, C.J., and DANAHY, J., concur.

. The order of probation directs appellant to pay “$250.00 to the Sheriff of Pinellas County to be deposited into the Pinellas County General Fund for general county purposes within 2 years of this date.” Because the $2500 fine orally assessed against appellant at sentencing was also payable within two years of its imposition, we presume this $250 amount to be an incorrect transcription of the original $2500 fine.