700 So.2d 384 (1997)
Paul Jones GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3090.
District Court of Appeal of Florida, First District.
July 29, 1997.
*385 Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Sonya Roebuck Horbelt, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant argues that because a fine was imposed on him at sentencing that was not part of the plea agreement this cause must be reversed and remanded for the trial court either to rescind the fine or afford appellant the opportunity to withdraw his plea. We agree and reverse.
On May 2, 1996, appellant was charged by amended information with a DUI manslaughter of March 14, 1995. Appellant entered into a plea agreement with the state for a guidelines sentence with a specified cap: "adjudication of guilt, cap of 9 years and one month, $255 court costs." The agreement states that the maximum penalty for the charge is 15 years, and no mention is made of a fine. The court subsequently accepted appellant's nolo plea and on July 19, 1996, adjudicated appellant guilty. The court sentenced appellant to nine years in prison followed by six years of probation and imposed a fine of $1500 pursuant to section 775.083, Florida Statutes. Defense counsel moved to withdraw the plea on July 25, 1996, on the ground that the probationary term imposed by the court was not part of the plea agreement. Treating appellant's motion as a motion to modify the sentence under Florida Rule of Criminal Procedure 3.800, the court struck the probationary term from the sentence.
In the instant appeal, appellant argues that the court's imposition of the $1500 fine also violated the plea agreement and the case must be remanded for the court to rescind the fine or for appellant to elect whether to withdraw his plea. The state claims that the error has not been preserved for appeal and that appellant's conviction and sentence must be affirmed. For the reasons presented below, we reverse.
Section 924.051(4), Florida Statutes (Supp. 1996), provides that "[i]f a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence." In Amendments *386 to the Florida Rules of Appellate Procedure, 685 So.2d 773, 775 (Fla.1996), the court found in regard to this section of the Criminal Appeal Reform Act of 1996, which became effective on July 1, 1996, that "obviously, one cannot expressly reserve a sentencing error which has not occurred" and "construe[d] this provision of the Act to permit a defendant who pleads guilty or nolo contendere without reserving a legally dispositive issue to nevertheless appeal a sentencing error, providing it has been timely preserved by motion to correct the sentence." In an effort "to ensure that a defendant will have the opportunity to raise sentencing errors on appeal," the court amended Florida Rule of Criminal Procedure 3.800 effective July 1, 1996, as follows:
(b) Motion to Correct Sentencing Error. A defendant may file a motion to correct the sentence or order of probation within ten[1] days after the rendition of the sentence.
Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374, 1375 (Fla.1996). The "Court Commentary" accompanying the published rule explains this rule amendment as follows:
Subdivision (b) was added and existing subdivision (b) was renumbered as subdivision (c) in order to authorize the filing of a motion to correct a sentence or order of probation, thereby providing a vehicle to correct sentencing errors in the trial court and to preserve the issue should the motion be denied. A motion filed under subdivision (b) is an authorized motion which tolls the time for filing the notice of appeal. The presence of a defendant who is represented by counsel would not be required at the hearing on the disposition of such a motion if it only involved a question of law.
In Neal v. State, 688 So.2d 392 (Fla. 1st DCA 1997), this court determined that the Criminal Appeal Reform Act is procedural in nature and its application to a defendant sentenced on or after July 1, 1996, does not violate the ex post facto provision of either the Florida or United States Constitution. In the instant case, appellant was sentenced on July 19, 1996; therefore, both the Criminal Appeal Reform Act and amended Rule 3.800(b), which requires the filing of a motion to correct a sentencing error, apply to appellant. Nevertheless, the issue of imposition of the fine remains an appealable issue in the instant case.
In Goins v. State, 672 So.2d 30 (Fla.1996), Goins entered into a negotiated plea agreement pursuant to which he pled nolo contendere for a sentence of five and one half years' incarceration followed by three years of probation. The court accepted the plea, but at the subsequent hearing sentenced Goins to nine years in prison followed by three years' probation. The supreme court noted that under Florida Rule of Criminal Procedure 3.172(g), "where there has been a firm agreement for a specified sentence and the judge determines to impose a greater sentence, the defendant has the right to withdraw the plea." Id. at 31. Citing cases from the Second District Court of Appeal, the court approved the "principle" "that when a trial judge cannot honor a plea bargain the judge must affirmatively offer the defendant the right to withdraw the plea and that a motion to withdraw the plea need not be made to preserve the issue on appeal." Id. at 32. In the opinion, Chief Justice Grimes discussed the
desirability of a rule requiring the defendant to make such a motion [to withdraw the plea] if he wishes to have the plea set aside. Moreover, such a practice would, in most instances, obviate the necessity for an appeal. However, there is no rule of criminal procedure which permits the filing of a motion to set aside a plea after the sentence has been imposed. To require the defendant to register a complaint immediately upon sentencing or forever lose the right to withdraw the plea is asking too much.
Id. The court suggested that a rule be promulgated that would allow a defendant to move to withdraw his or her plea on the ground that the sentence imposed by the judge is greater than that set forth in the *387 plea agreement and would "further provide that the failure to file such a motion would preclude the defendant from raising the issue on appeal." Id. In a footnote the court suggested that "this could be accomplished by incorporating the concept into the proposed amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800 now pending before this court." Id. at 32 n. 3.
Rule 3.800 was not amended pursuant to this suggestion. The text of the current rule is unchanged from the proposal extant at the time the court issued its opinion in Goins. See Amendments to Florida Rules of Appellate Procedure 9.020(g) and 9.140(b) and Florida Rule of Criminal Procedure 3.800, 21 Fla. L. Weekly S5 (Fla. Dec. 21, 1995). The problem discussed in Goins was addressed, however, in the following amendment of paragraph (l) to Florida Rule of Criminal Procedure 3.170:
Motion to Withdraw the Plea After Sentencing. A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(B)(i)-(v).
Amendments to the Florida Rules of Criminal Procedure, 685 So.2d 1253, 1257 (Fla. 1996). Appellate Rule 9.140(b)(2)(B)(i)-(v) in turn provides as follows:
A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
(i) the lower tribunal's lack of subject matter jurisdiction;
(ii) a violation of the plea agreement, if preserved by a motion to withdraw plea;
(iii) an involuntary plea, if preserved by a motion to withdraw plea;
(iv) a sentencing error, if preserved; or
(v) as otherwise provided by law.
(Emphasis added.) These rule amendments became effective January 1, 1997, and thus were not applicable to appellant who was sentenced July 19, 1996.
The court apparently did not find the planned amendment to Rule 3.800, requiring the filing of a motion to preserve sentencing errors, sufficient to address the situation in Goins, in which a court accepts a plea and then imposes a sentence in excess of the plea agreement without "affirmatively" affording the defendant an opportunity to withdraw the plea. Otherwise, the court in Goins would not have proposed further amending that rule to address the situation or have amended Rule 3.170 as it did. Accordingly, an instance in which a court imposes a sentence exceeding a plea agreement without affording the defendant an opportunity to withdraw the plea is not a "sentencing error" requiring preservation under new Rule 3.800(b). Although Rule 3.800(b) applies to appellant in the instant case, therefore, if his situation (where the court imposes a fine not included in the plea bargain) constitutes a sentence in excess of the plea bargain, his claim is cognizable in this appeal because the amendments to Rules 9.140 and 3.170 requiring him to file a motion to withdraw his plea to preserve his claim were not effective at the time he was sentenced.
The fine in the instant case was imposed pursuant to section 775.083, Florida Statutes (1995), which provides in pertinent part that "[a] person who has been convicted of an offense other than a capital felony may be sentenced to pay a fine in addition to any punishment described in s. 775.082" and specifies that a fine for a first or second degree felony conviction may not exceed $10,000. In Hill v. State, 441 So.2d 650 (Fla. 2d DCA 1983), Hill pled guilty and was sentenced pursuant to his plea bargain except that the court also imposed a $2500 fine, which was not included in the terms of the bargain. Finding that the "trial court departed from the terms of the plea bargain in imposing the $2500 fine," the court reversed the denial of Hill's Florida Rule of Criminal Procedure 3.850 motion with directions either to strike the fine or allow Hill to withdraw his guilty plea. This case parallels Hill in that the plea bargain did not mention the $1500 fine imposed at sentencing. Although imposition of the discretionary fine pursuant to this statute is a penalty or punishment, the written plea bargain lists only imposition *388 of an incarcerative term of 15 years as the maximum penalty. In addition, the written plea agreement here expressly requires appellant to pay $255 in "court costs" and paragraph (7) informs that the judge "will impose court costs" pursuant to cited statutory authority. The fine in section 775.083 is not mentioned.
The court's imposition of the fine in the instant case, therefore, is a departure from the plea agreement entitling appellant to the opportunity to withdraw his nolo plea because at the time he was sentenced he was not required to preserve this claim by filing a motion to withdraw his plea and the claim is not a sentencing error cognizable under new Rule 3.800(b).
Accordingly, the cause is reversed with directions that the trial court either strike the $1500 fine or allow appellant the opportunity to withdraw his nolo plea.
MINER, ALLEN and LAWRENCE, JJ., concur.
NOTES
[1] This time limitation was increased to 30 days effective January 1, 1997. Amendments to the Florida Rules of Criminal Procedure, 685 So.2d 1253, 1271 (Fla.1996).