765 So.2d 282 (2000)
Terrence HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1625.
District Court of Appeal of Florida, Fourth District.
August 16, 2000.
*283 Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
DELL, J.
Terrance Hall appeals the sentence imposed after revocation of his probation. We affirm as this issue has not been preserved.
Appellant was on probation for the sale of cocaine within 1000 feet of a school when an affidavit of violation of probation was filed. Appellant reached an agreement with the State for the revocation of his probation and a guideline sentence of 51.15 months in prison. The plea form provides for an adjudication of 51.15 months in prison, but does not mention a three-year minimum mandatory term for violation of section 893.13(1)(c)1, Florida Statutes (1997), sale of cocaine within 1000 feet of a school.
The trial court adjudicated appellant guilty, revoked his probation, and sentenced him to 51.15 months in prison. Immediately thereafter, the State asked the trial court to impose the three-year minimum mandatory sentence. Defense counsel objected because this term was not imposed as part of the original sentence. After defense counsel stated that he advised appellant that he could appeal if given the mandatory sentence, the trial court imposed the three-year minimum mandatory, making 36 months of his 51.15 month sentence mandatory.
Appellant argues that the trial court should have allowed him to withdraw his plea because it sentenced him outside of the parameters of the plea agreement. In Goins v. State, 672 So.2d 30, 32 (Fla.1996), our supreme court approved the principle that "when a trial judge cannot honor a plea bargain the judge must affirmatively offer the defendant the right to withdraw the plea and that a motion to withdraw the plea need not be made to preserve the issue on appeal." (emphasis in original). However, the court also stated,
At the same time, we request the Criminal Rules Committee and the Appellate Rules Committee of The Florida Bar to submit proposed rules which will provide a specified period of time within which a defendant could move to withdraw a plea on the ground that the judge had imposed a sentence greater than that set forth in the plea agreement and which would further provide that the failure to file such a motion would preclude the defendant from raising the issue on appeal.
Id. (footnote omitted).
Following Goins, Florida Rule of Criminal Procedure 3.170 and Florida Rule of Appellate Procedure 9.140 were amended as follows:
Motion to Withdraw the Plea After Sentencing. A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after the rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(B)(i)-(v).
Amendments to the Florida Rules of Criminal Procedure, 685 So.2d 1253, 1257 (Fla.1996)(quoting rule 3.170).
A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
(i) the lower tribunal's lack of subject matter jurisdiction;
(ii) a violation of the plea agreement, if preserved by a motion to withdraw plea;
(iii) an involuntary plea, if preserved by a motion to withdraw plea;
(iv) a sentencing error, if preserved; or

*284 (v) as otherwise provided by law.
Rule 9.140(b)(2)(B)(i)-(v), Fla. R.App. P.
We agree with the conclusion reached in Green v. State, 700 So.2d 384 (Fla. 1st DCA 1997), that if the court imposes a sentence in excess of the plea bargain, his claim will be cognizable on appeal only if he filed a motion to withdraw his plea to preserve his claim.[1] Appellant failed to preserve this point for appeal because he failed to file a motion to withdraw his plea.
Accordingly, we affirm appellant's sentence. However, we do so without prejudice for him to file a motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure.
AFFIRMED.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] In Green v. State, 700 So.2d 384 (Fla. 1st DCA 1997), because the rule amendments became effective January 1, 1997, and were not applicable to the defendant who was sentenced on July 19, 1996, the court stated that "if his situation ... constitutes a sentence in excess of the plea bargain, his claim is cognizable in this appeal because the amendments to Rules 9.140 and 3.170 requiring him to file a motion to withdraw were not effective at the time he was sentenced." Id. at 387.