767 So.2d 604 (2000)
Paul WEIDNER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1596.
District Court of Appeal of Florida, Fourth District.
September 13, 2000.
Baya Harrison, III, Monticello, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Paul A. Weidner, agreed to plead nolo contendere to the charge of aggravated battery in exchange for the state's agreement to nolle pros the remaining charges against him. The written plea agreement clearly stated that there was no minimum mandatory sentence and that the maximum possible penalty was 15 years in prison. At the plea hearing, after appellant announced his intention to enter the plea, the state notified the court that appellant qualified as a prison releasee reoffender, see § 775.082, Fla. Stat. (1997), and that the "only possible sentence for the Court at this time is 15 years in prison." Appellant told the court that he understood that aggravated battery was a 15-year felony, but said that he "wasn't told that that would be the only sentence." The court was unaware at the time of the plea hearing whether appellant qualified as a prison releasee reoffender, but explained to him,
it's a mandatory minimum, it'sif the law requires that, Mr. Weidner, then that's the Court's sentence, are you aware of that?
Weidner responded, "I am now, sir." After conferring with his attorney, appellant told the court, "I'll go with the plea, I guess." The court accepted appellant's plea, and allowed him to remain out on bond pending sentencing.
Two months later, the sentencing hearing took place. Appellant did not appear, but was sentenced in absentia after it was determined that he had voluntarily left the jurisdiction. The state informed the court that the only possible sentence was 15 *605 years in prison as a reoffender. Defense counsel objected to sentencing appellant in absentia, stating that, in a meeting three weeks prior, appellant had indicated a desire to withdraw his plea because he was under pressure at the time it was entered and did not fully understand the reoffender statute. Over the objection, the court stated that it would sentence appellant without addressing the issue of whether the plea was voluntary, and that appellant could raise that issue at a later date. The state presented evidence of appellant's recent incarceration and release on August 15, 1995, and appellant was sentenced as a reoffender to the minimum mandatory term of 15 years in prison.
Over thirty days later, appellant was found and arrested. He filed a motion to set aside his plea, stating that he never fully understood that he would automatically be sentenced to 15 years in jail and that, had he known, he would not have entered the plea. The trial court denied appellant's motion. We affirm.
Pursuant to rule 3.170(l), Florida Rules of Criminal Procedure, appellant was required to file his motion to withdraw his plea within thirty days after rendition of the sentence. The rule does not allow for tolling of the time because of the defendant's voluntary absence from the jurisdiction. Thus, appellant's motion was untimely, and the trial court was correct in denying it.
Accordingly, we affirm without prejudice to the appellant's right to seek 3.850 relief.
AFFIRMED.
DELL and GUNTHER, JJ., concur.