793 So.2d 986 (2001)
Ernest MERIWEATHER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-108.
District Court of Appeal of Florida, Second District.
February 7, 2001.
*987 James Marion Moorman, Public Defender, Bartow, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for Appellee.
THREADGILL, Acting Chief Judge.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the appellant raises an issue as to whether the trial court, on resentencing, should have sentenced him to the bottom of the sentencing guidelines range, in accordance with a plea agreement made with the trial judge at the original sentencing hearing. The appellant failed to preserve this issue for review on direct appeal, because he failed to file a motion to withdraw the plea. See Fla. R.App.P. 9.140(b)(2)(B)(ii)(defendant who pleads guilty or nolo contendere may directly appeal a violation of plea agreement, if preserved by a motion to withdraw plea); Hall v. State, 765 So.2d 282 (Fla. 4th DCA 2000); Green v. State, 700 So.2d 384 (Fla. 1st DCA 1997). We therefore affirm the appellant's sentence without prejudice for him to file a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
Affirmed.
NORTHCUTT, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.