793 So.2d 986 (2001)
Alvin Willard SCHULTZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3764.
District Court of Appeal of Florida, Second District.
February 7, 2001.
PER CURIAM.
Alvin Willard Schultz challenges the trial court's denial of his motion to modify conditions of probation as over-broad and inconsistent. Specifically, he objects to condition sixteen that prohibits association with minors with no limiting language which could lead to a violation for unintentional contact with those children. See Watkins v. State, 666 So.2d 207 (Fla. 2d DCA 1995); Graham v. State, 658 So.2d 642 (Fla. 5th DCA 1995). Clarification of this condition may not be strictly necessary, as violations must be established as wilful. See Manon v. State, 740 So.2d 1253, 1255 (Fla. 3d DCA 1999). Nevertheless, we respect Schultz's desire to correct a facially deficient condition of probation as he embarks on the probationary term of a split sentence, and remand to the trial court to address this claim.
Schultz also points out imprecision in condition eighteen that forbids him from living with any adult who has minor offspring, whether or not the adult is the custodial parent of those children. In addition, the provisions of conditions eighteen and sixteen permit Schultz, ironically, to fulfill a less rigorous rehabilitation in order for him to reside with children than it does for him simply to have contact with them. We doubt this was the trial court's intent. While these ambiguities may not require correction, the trial court may wish to revisit them at the time that it addresses the deficiency in condition sixteen.
Reversed and remanded.
THREADGILL, A.C.J., and GREEN and STRINGER, JJ., concur.