783 So.2d 1191 (2001)
Billie Joe GAFFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-4020.
District Court of Appeal of Florida, First District.
April 26, 2001.
Nancy A. Daniels, Public Defender, Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The issue that we decide is whether a trial court has jurisdiction, more than 30 days after the imposition of sentence, to correct an alleged sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Billie Joe Gafford pled guilty in four cases in exchange for a maximum sentence of 29.9 months' prison and probation. On September 15, 1999, the court imposed a sentence in one case of 16.5 months in prison followed by two years' probation, concurrent with sentences in the other three cases of 24.3 months in prison followed by two years' probation. *1192 After filing a notice of appeal, defense counsel, approximately six months after the rendition of sentences, filed a motion to correct a sentencing error under rule 3.800(b)(2), asserting that the sentences exceeded the 29.9 month cap and asking the court to either conform the sentences to the plea agreement or allow Gafford to withdraw his plea. The court granted his motion and sentenced Gafford to 16.5 months in prison in the first case and 29.9 months in the remaining three, with no probation. Gafford claims on appeal that the trial court erred by increasing his sentence in violation of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), characterizing certain comments at the hearing below as vindictive. We reverse, because the trial court did not have jurisdiction to consider Gafford's motion to correct the asserted sentencing error under rule 3.800(b)(2).
Before January 1, 1997, when a sentence exceeded the terms of a plea agreement, the defendant could seek a remedy by a 3.800(b) motion to correct sentencing error. Under the 1997 amendment, a sentence that exceeds the terms of a plea agreement is no longer considered a "sentencing error," but is instead determined to be a "violation of the plea agreement" that must be challenged under Florida Rule of Criminal Procedure 3.170(l) within 30 days after the trial court renders the sentence. See Green v. State, 700 So.2d 384, 387 (Fla. 1st DCA 1997); Hall v. State, 765 So.2d 282 (Fla. 4th DCA 2000). Failure to file a motion to withdraw the plea within 30 days waives the issue for appellate review, and the defendant is limited to filing a motion pursuant to Florida Rule of Criminal Procedure 3.850. See Fla.R.App.P. 9.140(b)(2)(B)(ii); Meriweather v. State, 26 Fla.L. Weekly D408, ___ So.2d ___, 2001 WL 98595 (Fla. 2d DCA 2001); Weidner v. State, 767 So.2d 604 (Fla. 4th DCA 2000).
Courts have characterized the 60 day time limit for reducing or modifying a sentence under rule 3.800(c) as jurisdictional. See, e.g., Knapp v. State, 741 So.2d 1150 (Fla. 2d DCA 1999); Hussey v. State, 739 So.2d 123 (Fla. 4th DCA 1999); Bowling v. State, 688 So.2d 947 (Fla. 5th DCA 1997). Accordingly, the 30 day limit under 3.170(l) is also jurisdictional; therefore, the trial court did not have the authority to consider Gafford's motion below, and the issue was not preserved for appeal.
We REVERSE and REMAND Gafford's sentence with directions to reinstate the original sentence, without prejudice to Gafford's right to seek relief under rule 3.850.
ERVIN, WEBSTER and LEWIS, JJ., concur.