789 So.2d 1082 (2001)
Forrest Bill DOOLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-3945.
District Court of Appeal of Florida, First District.
June 18, 2001.
Forrest Bill Dooley, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.

ON MOTION FOR REHEARING, CLARIFICATION OR CERTIFICATION
PER CURIAM.
This court's previous opinion dated March 27, 2001, is withdrawn, and appellee's motion for rehearing, clarification or certification is granted to the limited extent that this opinion is substituted therefor.
Appellant was convicted, upon a guilty plea, of four counts of sexual battery and sentenced to concurrent terms of 22 years in prison followed by ten years of probation. He timely filed a motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(l), which was denied, and took no direct appeal. Thereafter, appellant timely filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, in which he asserted four claims. One of those four claims was that his plea was involuntary, because he was coerced into entering the plea by threats of a life sentence. The trial court denied this claim, as well as the three others, reasoning that it was procedurally barred as an abuse of process because "it could and should have been raised in Defendant's previous Motion to Withdraw Plea."
*1083 In our original disposition of this case, this court affirmed the denial of all of appellant's claims except that alleging involuntary plea, which we reversed for the reason that the record failed to conclusively show that the claim was procedurally barred. We pointed out that the record did not include the motion to withdraw plea; therefore, we could not determine if appellant had previously raised the involuntariness claim he later asserted in his motion for postconviction relief. We explained that if appellant had previously raised the identical claim in his motion to withdraw, then he was required to challenge the ruling on that claim by direct appeal. We noted, however, that if the claim raised in the postconviction motion was a different claim, as was suggested in the trial court's order, then it could be properly raised in a rule 3.850 motion and would not be procedurally barred.
We also noted that the record before this court suggested appellant's involuntariness claim had merit. He asserted that his plea was coerced by threats of a life sentence, thereby rendering his plea involuntary. The information in the record showed that appellant was charged with sexual battery in violation of section 794.011(8)(b), Florida Statutes (1997), which is a first-degree felony punishable by a term of 30 years. See § 775.082(3)(b), Fla. Stat. (1997). Nevertheless, it appeared from the record that the trial court, defense counsel, and prosecutor all believed appellant's crimes were punishable by a life term. We noted the possibility that one of the four charges which was dismissed was a life felony, but since the record did not contain the amended information showing the eight charges that were ultimately filed against appellant, it was impossible to tell.
In response to appellee's motion for rehearing, clarification or certification, we adopt our previous disposition of this case, affirming the denial of all the claims raised in appellant's postconviction motion except that alleging his plea was rendered involuntary by threats of a life sentence. We substitute this opinion for our previous one, because we consider it necessary to address the state's argument on rehearing that appellant is precluded from raising his involuntariness claim in a motion filed pursuant to rule 3.850, because he had the opportunity to assert that claim in the motion to withdraw he timely filed under rule 3.170(l). We cannot agree with the state's argument.
Rule 3.170(l) provides: "A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(B)(i)-(v)."[1] (Emphasis added.) The incorporation of rule 9.140(b)(2)(B)(i)(v) accurately reflects the limited right of appeal that a defendant who enters a plea has and the issues identified in Robinson v. State, 373 So.2d 898 (Fla.1979), which may be raised on direct appeal following a plea. Thus, involuntary plea is one of the permitted issues that may be raised in a motion to withdraw under rule 3.170(l).
Rule 3.850, while expressly prohibiting a defendant from seeking relief on "grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal," nonetheless authorizes involuntary-plea claims as a valid basis for relief.
If we were to adopt the state's argument, then any defendant who files a timely *1084 motion to withdraw under rule 3.170(l) would be required to raise every conceivable involuntary-plea claim in that motion under the theory that all such claims "could have" been raised in the motion, or risk being forever barred from asserting an involuntary-plea claim, even though such is authorized under rule 3.850(a). We reject the state's argument for several reasons.
First, rule 3.170(l) was promulgated for the purpose of attempting to resolve more issues at the trial level. See Amendments to Florida Rules of Appellate Procedure, 696 So.2d 1103, 1105 (Fla.1996). For that reason, motions filed under rule 3.170(l) toll the time for appeal, thereby permitting issues regarding the voluntariness of the plea to be resolved during the proceeding below prior to appeal. Nothing, however, indicates that the rule was enacted to prohibit involuntariness claims under rule 3.850.
Second, even with the enactment of rule 3.170(l), rule 3.850 continues to authorize involuntary-plea claims. If the intent had been to require all involuntariness claims to be raised in motions filed under rule 3.170(l), then rule 3.850 should have been amended to reflect that intent and it was not.
Third, rule 3.170(l) is clearly permissive in that it states a defendant "may file a motion to withdraw." Thus, if a defendant opts to file a motion to withdraw alleging involuntary plea within the 30-day time period, and that motion is denied, then the defendant may only challenge that ruling by direct appeal.
Fourth, the involuntary-plea claim appellant has raised in his motion for postconviction relief is precisely the type of claim that is unlikely to be made in a motion to withdraw under rule 3.170(l). A defendant proceeds through the criminal process relying upon his lawyer, whether court-appointed or retained. Rule 3.170(l) is intended to be part of that proceeding; thus, it can be reasonably assumed that the defendant will be relying upon the same lawyer if he or she elects to file a rule 3.170(l) motion. Under those circumstances, it would be most unlikely that the defendant's attorney would file a motion asserting that he or she coerced the defendant into entering the plea.
Rather, a situation similar to that before us is more likely. Months after the defendant has started serving his or her sentence and the time to appeal has expired, the defendant realizes that representations made by the attorney at the time of plea were not true or were misleading and that his or her reliance upon that attorney was misplaced. In that circumstance, the defendant may then file a motion for postconviction relief under rule 3.850 asserting involuntary plea as a ground. As recognized by Judge Blue in his concurring and dissenting opinion in Watrous v. State, 26 Fla. L. Weekly D686, D688, ___ So.2d ___, ___, 2001 WL 219982 (Fla. 2d DCA Mar.7, 2001), a defendant has a greater burden under rule 3.850 than under a timely motion to withdraw plea. Thus, it can hardly be a benefit to a defendant to wait to assert the involuntary-plea claim in a rule 3.850 motion. To the contrary, a motion for postconviction relief is the last avenue to remedy an injustice.
Fifth, nothing in rule 3.170(l) suggests that any and every conceivable involuntary-plea claim must be raised in the motion to withdraw plea or risk being forever barred.
Sixth, case law has not interpreted rule 3.170(l) in the manner offered by the state. See, e.g., Gafford v. State, 783 So.2d 1191 (Fla. 1st DCA 2001) (failure to timely file a rule 3.170(l) motion to challenge a sentence that exceeded the terms of the plea agreement waives the issue for appellate review and the defendant is limited to filing a rule *1085 3.850 motion); Weidner v. State, 767 So.2d 604 (Fla. 4th DCA 2000) (affirming denial of untimely rule 3.170(l) motion without prejudice to seek relief under rule 3.850).
Finally, the logical extension of the state's argument is that because rule 3.170(l) permits a defendant to file a motion to withdraw plea within 30 days after sentencing, even if the defendant declined to file such a motion, he or she would be forever barred from asserting an involuntary-plea claim in a rule 3.850 motion, because the claim "could have or should have been raised at trial." Nothing in rule 3.170(l) or rule 3.850 so suggests.
In conclusion, because the record before this court fails to conclusively show that appellant's involuntary-plea claim is procedurally barred, the final order denying appellant's motion for postconviction relief is reversed only as to the involuntariness claim, and the case is remanded to the trial court for proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
ERVIN, BOOTH and ALLEN, JJ., CONCUR.
NOTES
[1] The appellate rule was renumbered in 2001 as 9.140(b)(2)(A)(ii)(a)-(e).