STRINGER, Judge.
In this appeal, filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm the judgments and sentences imposed against Douglas Coogle.
Coogle was charged with burglary of a dwelling, grand theft, and misdemeanor possession of marijuana in case 00-19319. He committed these offenses while on community control. Coogle pleaded guilty to the charges in case 00-19319 and to violating his community control in case 99-03355 in exchange for concurrent sentences of forty-five months in prison. In case 00-19319, Coogle was sentenced to forty-five months in prison on the burglary and grand theft charges and thirty days on the possession charge. He was credited with twenty-eight days of time served. In case 99-03355, Coogle was sentenced to a concurrent term of forty-five months in prison for the violation of community control. He received 237 days of credit for time served.
Appellate counsel raises two issues of possible merit: 1) whether Coogle received the correct amount of credit for time served, and 2) whether his plea was knowingly entered since Coogle alleged that he was led to believe he would receive 237 days of credit for time served in both cases. Because Coogle failed to contemporaneously object or file a motion pursuant to Florida Rule of Criminal Procedure 3.800(b) challenging the amount of jail credit awarded, he has failed to preserve the issue for appellate review. Additionally, due to his failure to file a motion to withdraw his plea, Coogle has failed to preserve for appellate review the issue of whether his plea was knowingly entered. See Meriweather v. State, 793 So.2d 986 (Fla. 2d DCA 2001) (holding that a defendant who pleads guilty or nolo contendere must file a motion to withdraw plea in order to preserve a claim that the trial court entered a sentence which exceeded the terms of the plea agreement); see also Gafford v. State, 783 So.2d 1191 (Fla. 1st DCA 2001).
Accordingly, we affirm without prejudice to any right Coogle may have to file a motion for postconviction relief.
Affirmed.
GREEN and CASANUEVA, JJ., Concur.