PADOVANO, J.,
concurring in the result.
I join in the court’s decision to affirm, but not for the reasons given in the majority opinion. When the trial judge promised the defendant a cap of ten years, it was clear to everyone present that he was referring only to the portion of the sentence that would be served in the Department of Corrections. The judge made no promise to the defendant regarding any other aspect of the sentence. Consequently, I do not think that the trial judge violated any condition of the plea by including a twelve-year probationary term.
The term “cap” is often used in plea bargaining to refer to the maximum amount of time a defendant will serve in custody. Those who work in the criminal justice system are accustomed to thinking this way, because the scoring of an offense under the Criminal Punishment Code calculates only the applicable prison term, and has no application to probation. Likewise, the scoring under every previous version of the sentencing guidelines was keyed to prison time and did not include probation. So, within this framework, the term “cap” is generally understood to signify only the incarcerative portion of the sentence.
The defendant would be entitled to relief if he had made a plea agreement with the state for a cap of ten years in the Department of Corrections and if it was clear from the agreement that no other kind of penalty was to be imposed. If the plea agreement represents the entire under *243 standing of the parties and if it does not mention probation, the court could infer that probation is not an option. See Green v. State, 700 So.2d 384 (Fla. 1st DCA 1997); Eggers v. State, 624 So.2d 336 (Fla. 1st DCA 1993). But the defendant in this case had no agreement with the state. All he had was the judge’s promise that his prison term would not exceed ten years. The judge made no representation to the defendant regarding a fine, restitution, court costs, or probation, and he certainly did not lead the defendant to believe that he intended to make an agreement with him on any of these issues.
The defendant does not seek to withdraw his plea. Instead, he seeks specific performance of the promise he assumes the judge made to him before he entered the plea. Reduced to its essential terms, the defendant’s argument is that the absence of a promise about any sanction other than the prison term is an implication that his sentence was to consist entirely of a prison term. Of course, that is not the only conclusion one could draw from these facts. A more reasonable explanation is that other potential sanctions were simply left open.
After the sentencing hearing, the defendant’s lawyer argued that the total sentence including the probationary term exceeded the judge’s promise for a cap of ten years. If there had been any possible chance the defendant had been confused about the conditions of his plea, the judge would have allowed him to withdraw the plea then and there. However, the judge immediately dismissed the argument. It was obvious to him, as it should have been to everyone else, that the defendant understood the risk he was facing when he entered his plea.
The majority opinion points out that the defendant could eventually receive more time than he bargained for, but that much could be said of anyone who is placed on probation. The weakness in this argument is that a greater sentence could be imposed only if the defendant were to commit a substantial violation of his probation. That would be a new event that would trigger a new set of rights and obligations. With an exception for those who receive suspended sentences, no defendant who violates probation has a right to a sentence that is within the terms of the original plea agreement.
I would affirm on the ground that the sentence does not violate any reasonable expectation the defendant may have had at the time he entered his plea.