ORFINGER, J.
In this Anders[1] appeal, Howard L. Dayton, Sr., seeks review of an order denying his motion to withdraw his plea, admitting that he violated the probationary portion of his split sentence. Pursuant to a plea agreement with the State, Dayton was sentenced to a year and a day for the violation. In his motion to withdraw that plea, Dayton claimed the plea was not voluntarily entered because he did not understand that the Department of Corrections could revoke almost ten years of gain time earned on his original split sentence. The trial court denied the motion, finding that the forfeiture of gain time was a collateral consequence and pointing out that Dayton had waived credit for time served as part of the plea.[2]
Dayton’s motion to withdraw his plea was untimely, as it was filed more than thirty (30) days after rendition of the sentence. See Fla. R.Crim. P. 3.170(l). As explained in Gafford v. State, 783 So.2d 1191 (Fla. 1st DCA 2001), the failure to file a timely motion to withdraw a plea waives appellate review of issues related to the plea, and the defendant must seek relief by filing a timely rule 3.850 motion.
Accordingly, we affirm the order denying Dayton’s motion to withdraw his plea without prejudice to raise the voluntariness of the plea in a timely rule 3.850 motion.
AFFIRMED.
PALMER and MONACO, JJ„ concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. It is not clear from the record that Dayton was waiving credit for prison time and/or gain time, rather than merely waiving credit for time served from the date of his arrest for violating probation.