910 So.2d 899 (2005)
Duriel K. YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-2546.
District Court of Appeal of Florida, First District.
September 13, 2005.
*900 Appellant, pro se.
Charlie Crist, Attorney General; Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Duriel K. Young "challenges the summary denial of his ... motion to withdraw a plea pursuant to Florida Rule of Criminal Procedure 3.170(l)." Norman v. State, 897 So.2d 553, 553 (Fla. 1st DCA 2005) (reversing and remanding "to effectuate Norman's right to counsel"). We have "consistently held that, `once a defendant [timely] indicates his desire to avail himself of the rule 3.170(l) procedure, the trial court must appoint conflict-free counsel to advise and assist the defendant in this regard.' Lester v. State, 820 So.2d 1078, 1078 (Fla. 1st DCA 2002); see also Wofford v. State, 819 So.2d 891 (Fla. 1st DCA 2002)." Id.
On this record, however, we are unable to determine whether appellant's pro se motion to withdraw plea was timely under rule 3.170(l). See Fla. R. Crim P. 3.170(l) (2005) ("A defendant ... may file a motion to withdraw the plea within thirty days after rendition of the sentence...."). See also Gafford v. State, 783 So.2d 1191, 1192 (Fla. 1st DCA 2001) (holding that, where defendant failed to file a timely rule 3.170(l) motion to challenge a sentence that exceeded the terms of the plea agreement, the defendant was limited to filing a rule 3.850 motion); Weidner v. State, 767 So.2d 604, 605 (Fla. 4th DCA 2000) (affirming denial of untimely rule 3.170(l) motion without prejudice to seeking relief under rule 3.850).
Accordingly, we reverse the order denying appellant's motion to withdraw plea, and remand with directions that the trial court either attach portions of the record demonstrating that the motion was untimely, or appoint conflict-free counsel. See Norman, 897 So.2d at 553. See also Ragoobar v. State, 893 So.2d 647, 648 (Fla. 4th DCA 2005) ("When a defendant files a facially sufficient motion to withdraw a plea, due process requires the court to hold an evidentiary hearing unless the record conclusively shows the defendant is entitled to no relief.").
Reversed and remanded.
DAVIS and VAN NORTWICK, JJ., Concur.