THOMPSON, J.
Appellant James Shelton (“Shelton”) appeals the summary denial of his rule 3.850 motion to vacate, set aside, or correct sentence based upon ineffective assistance of counsel. In July 2003, Shelton pled guilty in ten separate cases based on a plea *681 agreement that capped his sentence at 139 months with a ten-year minimum mandatory based on Florida’s 10-20-life statute.[1] Under the agreement, Shelton was allowed to request a youthful offender designation. In August 2003, the trial court rejected the youthful offender designation and sentenced Shelton as follows:
Case 2003-CF-2001: one count of burglary of a structure while armed, one count of grand theft and one count of grand theft, statutory property; 138.15 months in the Department of Corrections (“DOC”) on count one, with ten years minimum mandatory, and five years on count two and three followed by five years probation;
Case 2003-CF-206: one count of burglary of a structure and one count of grand theft; five years DOC, consecutive to case 2003-CF-201, followed by five years probation;
Case 2003-CF-143: one count of burglary of a structure and one count of grand theft; five years DOC followed by five years probation;
Case 2003-CF-144: one count of burglary of a dwelling and one count of grand theft; five years DOC followed by five years probation;
Case 2003-CF-145: one count of burglary of a dwelling and one count grand theft, five years DOC followed by five years probation;
Case 2003-CF-146: one count of burglary of a dwelling and one count of grand theft; five years DOC followed by five years probation;
Case 2003-CF-200: one count of grand theft; five years DOC followed by five years probation
Case 2003-CF-203: one count of burglary of a structure and one count of petit theft; five years DOC on count one and time served on count two followed by five years probation;
Case 2003-CF-208: on count of burglary of a structure and one count of grand theft; five years DOC followed by five years probation;
Case 2003-CF-211: one count of burglary of a structure and one count of grand theft; five years DOC followed by five years probation.
Shelton did not appeal.
In September 2005, Shelton filed a rule 3.850 motion that raised six separate claims of ineffective assistance of counsel, all of which were summarily denied. We affirm the denial of Shelton’s claims without further comment. However, the trial court granted relief to the extent that it ordered the DOC “to amend its records to reflect that Shelton was sentenced to 139 months in the Department of Corrections followed by five (5) years probation.” The correction of this scrivener’s error was designed to rectify the trial court’s error in sentencing Shelton to a consecutive five-year term in case no. 03-CF-206, which violated the plea agreement.
Shelton timely appealed, and the State conceded that the trial court’s correction still exceeded the terms of the plea bargain because the probation following the 139-month sentence was not a specific term of the plea agreement.[2] The State concedes this court should rectify the sentencing issue under Green v. State, 700 So.2d 384 (Fla. 1st DCA 1997). Accord *682 ingly, we reverse with directions that the trial court either strike the probationary term or allow Shelton the opportunity to withdraw his nolo plea. See Green, 700 So.2d at 388; see also Hill v. State, 441 So.2d 650, 651 (Fla. 2d DCA 1983) (reversing with instructions to strike the $2,500 fine, which exceeded the plea agreement, or offer the opportunity to withdraw plea). We also note the sentence should be modified to reflect the 138.15-month sentence Shelton actually received.
REVERSED and REMANDED with DIRECTIONS.
GRIFFIN and MONACO, JJ., concur.

. See § 775.087, Fla. Stat. (2003).

. We also note that an independent review of the record, including the sentencing transcript and order, indicates Shelton was actually sentenced to 138.15 months’ incarceration, with a ten-year minimum mandatory. Therefore, the court’s correction impermissi-bly increased Shelton’s sentence from 138.15 months to 139 months.