[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13754
Non-Argument Calendar
_____

D. C. Docket No. 04-20448-CV-CMA

STEVE BROWN,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James McDonough,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 13, 2006)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Steve Brown, a pro se Florida state prisoner, appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] We granted a certificate of appealability (COA) on the following issue:

> Whether the district court erred by relying on the state court's erroneous application of its own procedural default rule in order to find that it was procedurally barred from addressing appellant's claims of ineffective assistance of trial counsel?

The facts of the criminal conduct are irrelevant to the procedural issue in this case and so we will not go into them in great detail. Suffice it to say that Brown pleaded guilty to the following crimes: first degree murder with a deadly weapon, attempted first degree murder with a deadly weapon, attempted sexual battery with a deadly weapon, and kidnaping with a deadly weapon. The state trial court sentenced him to 13.15 years in state prison to be followed by ten years of probation.

Shortly thereafter, while still represented by counsel, Brown filed a pro se motion to withdraw his guilty plea alleging that the plea was not voluntary. Brown then filed a motion to amend that motion, indicating that he was not skilled in the mechanics of the law and wanted to raise more issues to show why his plea was involuntary. The trial court denied the first motion, and Brown appealed that

---

[1] Brown filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-32, 110 Stat. 1214 (1996). Therefore, the provisions of the act govern this appeal.

denial. After that appeal the trial court denied Brown's motion to amend the prior motion. Without issuing a written opinion, the state appellate court affirmed the trial court's disposition of Brown's case.

After that, Brown filed a motion pursuant to Fla. R. Cr. P. 3.850 for post-conviction relief, claiming that his counsel was ineffective and his plea was involuntary. The state trial court denied that motion as legally insufficient on the following grounds: (1) the "motion is duplicitous of prior 3.850 motion(s). These grounds were or could have been raised in prior motion(s)" and (2) the "grounds raised in the motion were raised or could have been raised on direct appeal." The state appellate court summarily affirmed that ruling without opinion. There are two problems with those rulings. First, the record shows that Brown never filed a prior 3.850 motion, and second, Florida courts recognize that a defendant is not procedurally barred from raising ineffective assistance of counsel claims in a first 3.850 motion. Dooley v. State, 789 So. 2d 1082, 1083–85 (Fla. 1st DCA 2001).

Brown then filed a petition in federal court under § 2254 seeking a writ of habeas corpus, claiming that his lawyer was ineffective on four grounds and that his plea was involuntary. The district court referred the case to a magistrate judge who recommended that Brown's petition be denied as procedurally barred with respect to his four ineffective-assistance claims and on the merits with respect to

3

his involuntary plea claim. The magistrate judge relied on the state court's determination that Brown's claims were procedurally barred. The district court adopted the magistrate's report and denied Brown's § 2254 petition.

Appellate review of an unsuccessful habeas petition is limited to the issues enumerated in the properly granted COA. Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998). Whether a petitioner has procedurally defaulted a claim is a mixed question of fact and law, which we review de novo. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).

The Supreme Court has explained the doctrine of procedural default as follows: "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991). Procedural default arises when "the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred." Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999); see id. at 1307 (Carnes, J., concurring). The question

4

here is whether federal claims are barred by procedural default when the state court incorrectly applies its own procedural default law. The answer is no.

A federal court is not required to honor a state's procedural default ruling unless that ruling rests upon adequate state grounds that are independent of the federal questions. See Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043 (1989). We apply a three-part test for determining whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd, 250 F.3d at 1313. First, the last state court rendering judgment must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Id. Second, the state court's decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Id. Third, the state procedural rule must be adequate. Id. The adequacy requirement means that the rule must be firmly established and regularly followed; that is, not applied in an arbitrary or unprecedented fashion. Id.; see also Ford v. Georgia, 498 U.S. 411, 423–25, 111 S. Ct. 850, 857–58 (1991) (holding that the state court could not procedurally bar a petition through retroactive application of a rule unannounced at the time the rule would have applied to the petitioner's case). "[A] state court's procedural rule must be faithfully and regularly applied, and must not be manifestly unfair in its treatment

of a petitioner's federal constitutional claim." Card v. Dugger, 911 F.2d 1494, 1517 (11th Cir. 1990) (citations omitted).

Here, the first two parts of the test are met because the state trial court expressly relied on state procedural rules to resolve the ineffective-assistance claims without reaching the merits of those claims, and it did not interpret federal law in making that procedural decision. See Judd, 250 F.3d at 1313. However, the third part of the test is not satisfied because the grounds relied upon by the state court are inadequate; they are based on an incorrect application of state procedural default law. See Bailey, 172 F.3d at 1302–03; Judd, 250 F.3d at 1313.

First, as noted, the state court's determination that Brown's Rule 3.850 motion was duplicitous of his "prior 3.850 motion(s)" is erroneous. The record is devoid of any evidence that Brown filed any prior Rule 3.850 motion. Second, although the state court correctly noted that, under Florida state law, Rule 3.850 motions should not raise claims "based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence," Fla. R. Crim. P. 3.850(c), Florida decisional law specifically provides that "a claim of ineffectiveness generally can be raised in a Rule 3.850 motion but not on direct appeal," Bruno v. State, 807 So. 2d 55, 63 & n.14 (Fla. 2001) (holding that the trial court erred in concluding that the petitioner's ineffectiveness

6

claim was procedurally barred because it was not raised on direct appeal).  Thus, the second ground or rule on which the state trial court relied—that Brown could have raised his ineffective-assistance claims on direct appeal—was inadequate and was arbitrarily applied, because under Florida law Brown could not have raised his ineffective-assistance claims on direct appeal.  See Judd, 250 F.3d at 1313.

The state court's only other possible basis for the procedural bar is that "[t]hese grounds were or could have been raised in prior motion(s)."  The record shows that the only other motions Brown filed were his motion to withdraw his plea and his motion to amend that motion.  Florida courts have held that "if the claim raised in the postconviction motion was a different claim [than that raised in the motion to withdraw], . . . then it could be properly raised in a Rule 3.850 motion and would not be procedurally barred."  Dooley,789 So. 2d at 1083.  A defendant who files a timely motion to withdraw is not required "to raise every conceivable involuntary-plea claim in [a motion to withdraw the plea] under the theory that all such claims 'could have' been raised in the motion, or risk being forever barred from asserting" those other claims.  Id. at 1083–84; see also Gidney v. State, 925 So. 2d 1076, 1077 (Fla. 4th DCA 2006) (citing Dooley for the proposition that although a defendant cannot raise defenses to the conviction in a Rule 3.850 motion if he was aware of those claims when he entered the plea, his

failure to file a motion to withdraw counsel does not bar him from raising ineffective-assistance claims in a Rule 3.850 motion); Lightbourne v. State, 920 So. 2d 776 (Fla. 3d DCA 2006) (citing Dooley for the proposition that the defendant could raise, in a Rule 3.850 motion, claims to withdraw his plea even though he had not filed a motion to withdraw); Quinones v. State, 871 So. 2d 1044 (Fla. 5th DCA 2004) (same).[2]

The state court's denial, without further discussion, of Brown's Rule 3.850 motion was not based on a rule "faithfully and regularly applied," see Card, 911 F.2d at 1517. The district court erred when it adopted the magistrate judge's recommendation to deny Brown's ineffective-assistance claims. However, because Brown concedes on appeal that his fourth ineffective-assistance claim was without merit, App. Reply Br. at 8, we affirm the district court's dismissal of the petition as to that claim only. We reverse and remand to the district court so that it may

_____

[2]Although some of the Florida state appellate courts, including the Third District, did not adopt Dooley until 2004, 2005, or 2006, which was after the Third District summarily affirmed denial of Brown's Rule 3.850 motion in October 2003, the First District decided Dooley in 2001 and Brown cited that decision in his appeal of the denial of his Rule 3.850 motion. Thus, the holding in Dooley was a prior decision upon which Brown justifiably relied. See Spencer v. Kemp, 781 F.2d 1458, 1470 (11th Cir. 1986) (en banc) ("Novelty in procedural requirements cannot be permitted to thwart review in this court applied for by those who, in justified reliance upon prior decisions, seek vindication in state courts of their federal constitutional rights." (quotations and citations omitted) (emphasis added)). Dooley interpreted and applied preexisting law at the time it was decided, as did the subsequent cases adopting the Dooley holding. Therefore, the state is incorrect in defending the Florida court's holding that Brown's ineffective-assistance claims were procedurally barred as based upon "well-established state rules of law." They were not.

8

consider the merits of the three remaining ineffective-assistance claims. <u>See</u>

<u>Murray</u>, 145 F.3d at 1251 (limiting appellate review of an unsuccessful habeas

petition to the issues enumerated in the properly granted COA); <u>Judd</u>, 250 F.3d at

1318–19 (noting that this Court typically will remand for the district court to

consider the merits of the underlying claims that were not procedurally defaulted).

**AFFIRMED** in part, **REVERSED** and **REMANDED** in part.