ORFINGER, J.
In this Anders[1] appeal, Eric I. Garcia seeks review of an order denying his motion to withdraw his plea after sentencing.
Garcia’s motion to withdraw his plea was untimely, as it was filed more than thirty days after rendition of the sentence. See Fla. R.Crim. P. 3.170(0- As explained in Gafford v. State, 783 So.2d 1191 (Fla. 1st DCA 2001), the failure to file a timely motion to withdraw a plea waives appellate review of issues related to the plea, and the defendant must seek relief by filing a timely rule 3.850 motion. See Griffin v. State, 114 So.3d 890, 899 (Fla.2013) (“A number of district courts have correctly held that failure to file a motion to withdraw the plea within thirty days waives the issue for appellate review, and the defendant is limited to filing a motion pursuant to applicable Florida Rule of Criminal Procedure 3.850 or 3.851.” (citing McKnight v. State, 964 So.2d 803, 804 (Fla. 3d DCA 2007); Dayton v. State, 867 So.2d 647 (Fla. 5th DCA 2004); Weidner v. State, 767 So.2d 604 (Fla. 4th DCA 2000))). Accordingly, we affirm the order denying Garcia’s motion to withdraw his plea without prejudice to raise the voluntariness of his plea in a timely rule 3.850 motion.
AFFIRMED.
TORPY, C.J. and LAWSON, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).