814 So.2d 1203 (2002)
Jay WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4554.
District Court of Appeal of Florida, Second District.
April 24, 2002.
Cedric P. Hay, of Bell & Hay, P.A., Hudson, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
In this Anders[1] appeal, Jay Wilson challenges his sentence for sexual battery. In his pro se notice of appeal, he alleged that his trial counsel was ineffective and that his plea was entered involuntarily. We affirm the sentence. However, due to the *1204 procedural posture of this case, we do not address the issues of the ineffectiveness of counsel or the voluntariness of Wilson's plea.
The procedural posture of the case developed as follows: The trial court accepted Wilson's guilty plea to sexual battery on October 12, 2000, and entered written judgment and sentence on October 17, 2000. Wilson filed his pro se notice of appeal on October 24, 2000, and seven days later, Wilson filed a pro se motion to withdraw his plea. By this motion, he again alleged that his plea had not been voluntarily entered.
The jurisdictional problem arises because, by filing his notice of appeal, Wilson divested the trial court of jurisdiction to enter any further rulings in the case, including a ruling on Wilson's subsequently filed motion to withdraw his plea. While there are exceptions to the general rule that filing a notice of appeal divests the trial court of jurisdiction, those exceptions do not apply here. See Kit v. State, 705 So.2d 1011 (Fla. 2d DCA 1998); Clark v. State, 720 So.2d 1097 (Fla. 2d DCA 1998).
This court on direct appeal cannot take jurisdiction over a challenge to the voluntariness of a plea unless the defendant has first filed in the trial court a motion to withdraw that plea and the trial court has denied the motion. Fla. R.App. P. 9.140(b)(2)(A)(ii)(c). Because Wilson's motion was never ruled on, this court cannot take jurisdiction over Wilson's challenge to the involuntariness of his plea.
Furthermore, this court may not consider a claim of ineffective assistance of trial counsel on direct appeal unless the ineffectiveness is clear on the face of the record. Wuornos v. State, 676 So.2d 972, 974 (Fla.1996). Wilson's claims of ineffectiveness involve allegations that trial counsel misinformed him regarding gaintime and parole possibilities and that trial counsel pressured him into accepting the State's offer. Since the allegations of ineffectiveness are not demonstrated on the face of the record, we do not address these issues.
Because this appeal was filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we are required to review the record for errors not cited by counsel. Having reviewed the record in its entirety, we affirm Wilson's judgment and sentence. However, we affirm without prejudice to any right Wilson might have to raise the issues of the involuntariness of his plea and the ineffectiveness of his trial counsel in a subsequent motion filed pursuant to Florida Rule of Criminal Procedure 3.850.
Affirmed.
GREEN and COVINGTON, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).