858 So.2d 1247 (2003)
Tony KEARSE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2973.
District Court of Appeal of Florida, Fifth District.
November 14, 2003.
James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, C.J.
Tony Kearse appeals his judgment and sentence for the offense of sale of cocaine. As a result of his open plea to the court, Kearse received a sentence of thirty years in prison as a habitual felony offender. In his motion to withdraw his plea, Kearse claims that he was misled by the court as to the sentence he would receive in exchange for his plea. We are unable to address the merits of Kearse's appeal because procedural infirmities require that we dismiss this appeal.
After sentencing, Kearse timely filed his notice of appeal. Thereafter, he filed a motion to withdraw his plea, which the trial court denied. The State argues that because Kearse filed the notice of appeal before he filed his motion to withdraw the plea, the trial court was without jurisdiction to decide the withdrawal motion. Since the only ground presented by Kearse to set aside his conviction and sentence is set forth in his motion to withdraw his plea, the State contends that this court should either dismiss this appeal or affirm the judgment of conviction and sentence.
The instant case does not involve the appeal of a prior dispositive order rendered by the trial court.[1] Therefore, the *1248 grounds Kearse may assert in this appeal are limited. Fla. R.App. P. 9.140(b)(2)(A). The argument Kearse makes, that his conviction and sentence should be set aside because his plea was involuntary, is one that may only be asserted if it is preserved by a motion to withdraw the plea. Once Kearse filed his notice of appeal, the trial court did not have jurisdiction to decide Kearse's subsequently filed motion to withdraw his plea. Wilson v. State, 814 So.2d 1203, 1204 (Fla. 2d DCA 2002) ("The jurisdictional problem arises because, by filing his notice of appeal, Wilson divested the trial court of jurisdiction to enter any further rulings in the case, including a ruling on Wilson's subsequently filed motion to withdraw his plea.").
Because Kearse pled guilty and did not properly preserve his right to appeal a dispositive issue, and because the trial court did not have jurisdiction to hear his motion to withdraw his plea, this court does not have jurisdiction to hear Kearse's appeal. §§ 924.051(4), .06(3), Fla. Stat. (2002); Wilson; Hampton v. State, 680 So.2d 581 (Fla. 3d DCA 1996).[2] We therefore dismiss this appeal without prejudice to Kearse to file an appropriate motion for postconviction relief or to file another appeal after the trial court properly rules on his pending motion to withdraw his plea.
APPEAL DISMISSED.
ORFINGER and MONACO, JJ., concur.
NOTES
[1] Section 924.051(4), Florida Statutes, provides that "[i]f a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence." See also § 924.06(3), Fla. Stat. (2002) ("A defendant who pleads guilty with no express reservation of the right to appeal a legally dispositive issue, or a defendant who pleads nolo contendere with no express reservation of the right to appeal a legally dispositive issue, shall have no right to a direct appeal.").
[2] Although we do not have jurisdiction to hear this appeal, we have jurisdiction to determine whether we have jurisdiction. See Griffin v. State, 760 So.2d 205 (Fla. 2d DCA 2000).