884 So.2d 510 (2004)
Byron G. SHARP, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4471.
District Court of Appeal of Florida, Second District.
October 13, 2004.
*511 James Marion Moorman, Public Defender, and J.C. Hill, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Byron G. Sharp appeals his convictions and sentences for battery and sexual battery and the orders dismissing his two pro se motions to withdraw his guilty plea to sexual battery. We affirm Sharps' convictions and sentences without discussion, but we reverse the dismissal of his motions to withdraw plea and remand with directions.[1]
On September 2, 2003, Sharp entered a guilty plea to sexual battery. He was sentenced on that same day. On September 9, 2003, he filed a pro se motion to withdraw his guilty plea. He asserted that "it has been told that the court will not honor the agreement between Defendant and State." Sharp also alleged that trial counsel "mislead [sic] or misinformed Defendant." However, the motion contained no information regarding what counsel did or said to mislead or misinform Sharp or how any agreement might have been violated, and the motion did not seek a discharge of counsel. On September 18, 2003, before the trial court ruled on the motion, Sharp filed his notice of appeal.
On September 24, 2003, Sharp filed his second pro se motion to withdraw plea. In that motion, Sharp did not claim that any agreement had been violated or that trial counsel misled or misadvised him. Again, Sharp did not seek the discharge of trial counsel. Subsequently, the trial court dismissed the motions on the basis that the court lacked jurisdiction because Sharp had filed a notice of appeal.
Sharp's first motion to withdraw plea was filed after sentencing, while he was represented by counsel and before his notice of appeal had been filed.[2] Sharp correctly argues, and the State concedes, that the order of dismissal was erroneous pursuant to Florida Rule of Appellate Procedure 9.020(h)(3). The rule provides, in pertinent part, that
a pending motion to correct a sentence or order of probation or a motion to withdraw the plea after sentencing shall not be affected by the filing of a notice of appeal from a judgment of guilt. In such instance, the notice of appeal shall be treated as prematurely filed and the appeal held in abeyance until the filing of a signed, written order disposing of such motion.
Id. Because the trial court had jurisdiction to consider Sharp's first motion, we must reverse the order dismissing the motion.
Although we are compelled to reverse the order dismissing the first motion, Sharp will realize little relief on remand. This court recently stated that if a *512 pro se motion to withdraw plea is filed after sentencing but before the filing of a notice of appeal, and the defendant is represented by counsel and does not seek to discharge counsel, then the motion should be stricken as an unauthorized pro se pleading and treated as a nullity. Mourra v. State, 29 Fla. L. Weekly D2026 (Fla. 2d DCA Sept.8, 2004). In Mourra, as here, the motion to withdraw plea expressed some dissatisfaction with counsel but did not seek to have counsel discharged. Although the trial court did not have the benefit of Mourra, it requires that we remand for entry of an order striking Sharp's first pro se motion to withdraw plea.
Procedurally, Sharp's second motion to withdraw plea differs from the first in that Sharp filed it after he filed a notice of appeal. As a result, the trial court lacked jurisdiction to consider or rule on the motion. See Cunningham v. State, 838 So.2d 1209, 1210 (Fla. 2d DCA 2003); Wilson v. State, 814 So.2d 1203, 1204 (Fla. 2d DCA 2002). As we stated in Wilson, the filing of the notice of appeal "divested the trial court of jurisdiction to enter any further rulings in the case, including a ruling on Wilson's subsequently filed motion to withdraw his plea." 814 So.2d at 1204. Because the trial court did not have jurisdiction to consider the second motion during the pendency of the appeal, we reverse the order of dismissal. However, because it appears that Sharp still had counsel of record in the trial court at the time he filed his second motion, see Fla. R.App. P. 9.140(d), and because Sharp did not seek to discharge his counsel, then consistent with the rationale of Mourra the trial court must also strike that motion on remand.
In summary, we affirm Sharp's convictions and sentences, but we reverse the orders dismissing his pro se motions to withdraw his plea and remand with directions that the trial court strike the motions. Our decision is without prejudice to any right that Sharp may have to timely seek relief pursuant to Florida Rule of Criminal Procedure 3.850.
Affirmed in part, reversed in part, and remanded with directions.
FULMER and KELLY, JJ., Concur.
NOTES
[1] Sharp's second motion to withdraw plea was filed in two cases, trial court case numbers 02-4717 and 02-10768. He has only appealed the convictions, sentences, and orders dismissing his motions to withdraw plea entered in case number 02-4717.
[2] Although Sharp's first motion cited Florida Rule of Criminal Procedure 3.170(f), that rule applies to motions filed before sentencing. Because Sharp filed the motion after sentencing, rule 3.170(l) governs the motion.