FULMER, Judge.
Leon Williams challenges the trial court’s rulings denying his motion to withdraw plea and his motion to correct sentence. Because the trial court lacked jurisdiction to address the merits of the motion to withdraw plea, we reverse the ruling denying that motion on its merits and remand for the trial court to strike the motion. We also reverse the denial of the motion to correct sentence because the trial court erred in concluding that the scoresheet error was harmless, and we remand with directions to resentence Williams using a corrected scoresheet. We find no merit in .the issue raised in supplemental briefing. .
In 1998 Williams was placed on five years’ probation for a 1997 aggravated battery offense. The probation was revoked in 2002, and Williams was placed on a new three-year term of probation. In 2003 Williams was alleged to have violated that probation by committing a new offense. He entered an admission to the violation on March 12, 2003, and the trial court sentenced him to sixty months’ imprisonment. Williams’ counsel filed a notice of appeal on March 20, 2003. Williams filed a pro se motion to withdraw plea on April 9, 2003. The trial court entered an order denying this motion on April 24, 2003.
Williams filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) in September 2003. The trial court entered an order determining that the claims raised were without merit. However, the court sua sponte noted that an error appeared on the March 12, 2003, scoresheet in that the primary offense should have been listed as a level 7 offense with 56 points, rather than as a level 8 offense with 74 points. The trial court concluded that no relief was warranted though because Williams’ sentence of 60 months was within the recalculated guideline range, which the trial court found to be 43.5 to 72.5 months’ imprisonment. The range listed on the March 12, 2003, scoresheet is 57 to 95 months’ imprisonment.
The trial court first erred in denying Williams’ motion to withdraw plea. Because the notice of appeal was filed on March 20, 2003, the trial court lacked ju *1064 risdiction to entertain the April 9, 2003, motion. See Sharp v. State, 884 So.2d 510 (Fla. 2d DCA 2004). We, therefore, reverse the denial of that motion and remand with directions to strike the motion. See id. at 512.
The trial court further erred in determining that Williams was not entitled to relief based on the scoresheet error. Because we have no basis for concluding that the sentencing court would have imposed the same sentence if the court had employed a correct scoresheet, we reverse and remand for the trial court to resen-tence Williams. See Gill v. State, 886 So.2d 988, 991 (Fla. 2d DCA 2004); Anderson v. State, 865 So.2d 640, 642 (Fla. 2d DCA), review granted, 879 So.2d 624 (Fla.2004).
Reversed and remanded.
WHATLEY and CANADY, JJ., Concur.