914 So.2d 1070 (2005)
James MINGO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3256.
District Court of Appeal of Florida, Second District.
November 30, 2005.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for James Mingo challenges Mingo's convictions for delivery of a controlled substance within 1000 feet of a church and possession of cocaine. While we affirm Mingo's convictions and sentences without comment, we remand with directions to the trial court to enter an order dismissing, not denying, Mingo's motion to withdraw plea.
Because Mingo filed his pro se motion to withdraw plea after he filed his notice of appeal, the trial court was without jurisdiction to consider that motion. See Sharp v. State, 884 So.2d 510, 512 (Fla. 2d DCA 2004). The filing of the notice of appeal divested the trial court of jurisdiction to rule on the subsequently filed motion, and the court should have dismissed the motion on that ground.
The trial court also lacked the authority to consider Mingo's pro se motion to withdraw plea because, at the time that Mingo filed the motion, he was represented by counsel. His counsel had not yet filed the written directions to the clerk, the designations to the court reporter, or the judicial acts to be reviewed forms, all of which are required to be filed before counsel is considered to have withdrawn. See Fla. R.App. P. 9.140(d)(1)(D). Because Mingo still had counsel of record at the time that he filed his pro se motion to withdraw plea and he did not move to discharge his counsel, his motion should have been stricken as an unauthorized pro se pleading and treated as a nullity. See Sharp, 884 So.2d at 512; Mourra v. State, 884 So.2d 316 (Fla. 2d DCA 2004), review denied, 891 So.2d 552 (Fla.2004).
However, rather than striking the motion or dismissing it for lack of jurisdiction, the trial court denied the motion, thereby inaccurately implying that it entered a *1071 substantive ruling on the merits of the motion. Therefore, while we affirm Mingo's convictions and sentences, we remand with directions for the trial court to withdraw the earlier denial of Mingo's motion to withdraw plea and to enter in its place an order dismissing that motion.
Affirmed; remanded with directions.
SILBERMAN and LaROSE, JJ., Concur.