BENTON, J.
We reverse the order denying Freddrick Hines’ motion to withdraw plea and remand with directions to dismiss the motion for lack of jurisdiction. Because Mr. Hines had filed a notice of appeal directed to judgment and sentence, the lower court was without jurisdiction to act on his subsequently filed motion to withdraw plea. See Mingo v. State, 914 So.2d 1070, 1070 (Fla. 2d DCA 2005) (“Because Mingo filed his pro se motion to withdraw plea after he filed his notice of appeal, the trial court was without jurisdiction to consider that motion.” (citing Sharp v. State, 884 So.2d 510, 512 (Fla. 2d DCA 2004))); McCray v. State, 840 So.2d 274, 275 (Fla. 4th DCA 2003) (“The notice of appeal filed in this case divested the trial court of jurisdiction to enter any further rulings, including [on] appellant’s motion to withdraw plea.”).
We reverse and remand without prejudice to Mr. Hines’ right to seek postconviction relief under Florida Rule of Criminal Procedure 3.850. See McCray, 840 So.2d at 275 (noting decision was “without prejudice to any right appellant might have to raise this issue in any motion filed pursuant to Florida Rule of Criminal Procedure 3.850.” (citing Wilson v. State, 814 So.2d 1203 (Fla. 2d DCA 2002))).
Reversed and remanded with directions.
DAVIS and MARSTILLER, JJ„ concur.