PER CURIAM.
Stephen Smith appeals the trial court’s March 20, 2012 order dismissing his motion to withdraw plea after sentencing and the April 11, 2012 order denying his second motion to withdraw plea after sentencing.[1] He argues the trial court erred when it summarily denied his motions without affording him a hearing. We find no error in the dismissal of Smith’s first motion to withdraw plea, filed on March 3, 2012, because the trial court lacked jurisdiction to entertain the motion during the pendency of his direct appeal.[2] See Kearse v. State, 858 So.2d 1247, 1248 (Fla. 5th DCA 2003) (once a notice of appeal is filed, the trial court does not have jurisdiction to decide a subsequently filed motion to withdraw plea). Because Smith’s second motion to withdraw plea, filed on March 29, 2012, was untimely, we find the trial court did not have jurisdiction to rule on the motion.[3] See Gafford v. State, 783 So.2d 1191, 1192 (Fla. 1st DCA 2001) (holding the thirty day time limit under 3.170(Z) is jurisdictional). Accordingly, we reverse the April 11, 2012 order denying Smith’s second motion to withdraw plea after sentencing, and remand with directions to vacate the order and dismiss it as untimely, without prejudice to any right he may have to seek postconviction relief through a timely rule 3.850 motion. Id. (“Failure to file a motion to withdraw the plea within 30 days waives the issue for appellate review, and the defendant is limited to filing a motion pursuant to Florida Rule of Criminal Procedure 3.850.”).
AFFIRMED in part, REVERSED in part, and REMANDED WITH DIRECTIONS.
LAWSON, JACOBUS and BERGER, JJ., concur.

. See Fla. R. Crim. P. 3.170(Z).

. Smith was sentenced on February 6, 2012. On February 7, 2012, Smith’s counsel filed a notice of appeal, which was acknowledged by this court on February 20, 2012. On March 23, 2012, Smith filed a notice of voluntary dismissal in appellate case number 5D12-0584. On March 27, 2012, this Court issued an order dismissing the case.

.Had Smith’s motion been timely filed, it would have been properly denied as facially insufficient.