Per Curiam.
Appellant Luis Flores appeals the trial court’s denial of his motion to withdraw plea. As discussed below, the trial court erred in denying Appellant’s motion to withdraw plea because the court did not have jurisdiction to entertain that motion. Accordingly, we reverse and remand for the trial court to vacate its order.
Background
The State charged Appellant with attempted murder in the second degree and possession of cannabis. Appellant pleaded guilty to both counts. The trial court sentenced Appellant to the minimum mandatory of twenty-five years’ imprisonment for attempted murder.[1]
On September 9, 2015, Appellant’s attorney filed a notice of appeal with this Court, appealing the conviction, judgment, and sentence rendered by the trial court. On September 16, 2015, seven days later, Appellant’s attorney filed a motion in the trial court to withdraw Appellant’s guilty plea.[2] In this motion, Appellant claimed that his plea was involuntary because his counsel affirmatively misadvised him regarding the consequences of the plea. Appellant asserted that he “was told by the defense counsel that if he open plead ... he then will be granted a ‘youthful offender sentence.’ And that he will not be given the min/ mand sentence of 25 years.” After a hearing, the trial court denied the motion. Shortly thereafter, Appellant filed a second notice of appeal, this time appealing the denial of his motion to withdraw plea.
Analysis
The trial court erred in denying Appellant’s motion to withdraw because, as a result of the September 9 appeal to this Court, the trial court lacked jurisdiction to entertain the September 16 motion. We recently confronted a similar situation and held that “[t]he notice of appeal divested the trial court of jurisdiction to rule on appellant’s subsequently-filed ... motion to withdraw plea.” Walker v. State, 203 So.3d 192, 192 (Fla. 4th DCA 2016) (citing Copeland v. State, 867 So.2d 643, 643 (Fla. 4th DCA 2004)); see also McCray v. State, 840 So.2d 274, 275 (Fla. 4th DCA 2003). Sister courts have held the same. See, e.g., Smith v. State, 113 So.3d 110, 111 (Fla. 5th DCA 2013); Wilson v. State, 814 So.2d 1203, 1204 (Fla. 2d DCA 2002).
We would consider Appellant’s arguments on the merits with respect to the conviction, judgment, and sentence (the issues raised by his September 9 notice of appeal), but Appellant has failed to address these issues in his initial brief, concentrating instead on the denial of his motion to withdraw plea. “When points, positions, facts and supporting authorities *70 are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy.” Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983). “[I]t is not the function of the Court to rebrief an appeal.” Id.
Conclusion
Because the trial court did not have jurisdiction to consider Appellant’s motion to withdraw plea, we reverse and remand with directions to vacate the order. This holding is without prejudice to Appellant filing a new motion to withdraw pursuant to Florida Rule of Criminal Procedure 3.850. See Walker, 203 So.3d at 192; McCray v. State, 840 So.2d at 275.

Reversed and remanded.

Damoorgian, Gerber and Forst, JJ., concur.

. Appellant was also sentenced to 441 days’ imprisonment for possession of cannabis, to be served concurrently with the sentence for attempted murder.

. There are three different motions to withdraw plea in the record. Appellant’s counsel filed the first motion to withdraw on September 16, 2015. Appellant pro se filed a second motion to withdraw on September 24, 2015. He then pro se filed a third motion on September 28, 2015. The pro se motions were stricken by the trial court due to Appellant being represented by counsel. Regardless of which motion we review, all were filed after the first notice of appeal.