NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RICKY GIPSON,                          )
                                       )
            Appellant,                 )
                                       )
v.                                     )       Case No. 2D15-4671
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____)

Opinion filed February 3, 2017.

Appeal pursuant to Fla. R. App. P.
9.140(b)(2)(A)(ii)c from the Circuit Court
for Hillsborough County; Chet A. Tharpe,
Judge.

Ricky Gipson, pro se.


PER CURIAM.

Ricky Gipson appeals the order denying his motion to withdraw plea. We

reverse and remand with directions to dismiss the motion for lack of jurisdiction.

Mr. Gipson pleaded guilty in two separate cases. The trial court entered

judgments and sentences. Several days later, Mr. Gipson filed a notice of appeal.

Thereafter, he filed a pro se motion to withdraw plea, asserting that his pleas were

involuntary.  See Fla. R. Crim. P. 3.170(*l*).  The trial court summarily denied the motion, finding that no relief was warranted.

The trial court erred in denying the motion to withdraw plea; the notice of appeal divested the trial court of jurisdiction.  See Mingo v. State, 914 So. 2d 1070, 1070 (Fla. 2d DCA 2005) ("Because Mingo filed his pro se motion to withdraw plea after he filed his notice of appeal, the trial court was without jurisdiction to consider that motion."); Wilson v. State, 814 So. 2d 1203, 1204 (Fla. 2d DCA 2002) ("[B]y filing his notice of appeal, Wilson divested the trial court of jurisdiction to enter any further rulings in the case, including a ruling on Wilson's subsequently filed motion to withdraw his plea.").  By denying Mr. Gipson's motion, the trial court "inaccurately impl[ied] that it entered a substantive ruling on the merits of the motion."  Mingo, 914 So. 2d at 1070-71.

Accordingly, we reverse the order denying Mr. Gipson's motion to withdraw his pleas and remand for the trial court to dismiss the motion for lack of jurisdiction.  Our decision is without prejudice to any right Mr. Gipson may have to pursue timely relief under Florida Rule of Criminal Procedure 3.850.  See Sharp v. State, 884 So. 2d 510, 512 (Fla. 2d DCA 2004).

Reversed and remanded with directions.

NORTHCUTT, LaROSE, and SALARIO, JJ., Concur.