NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TAZARIOUS VONELLIS HAWTHORNE,       )
                                    )
            Appellant,              )
                                    )
v.                                  )        Case No. 2D16-105
                                    )
STATE OF FLORIDA,                   )
                                    )
            Appellee.               )
_____)

Opinion filed May 26, 2017.

Appeal from the Circuit Court for Polk
County; Reinaldo Ojeda, Judge.

Howard L. Dimmig, II, Public Defender,
and Clark E. Green, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


SALARIO, Judge.

        Tazarious Hawthorne challenges his convictions and sentences for

trafficking in hydrocodone (twenty-eight grams or more) and carrying a concealed

firearm in this appeal that is proceeding pursuant to Anders v. California, 386 U.S. 738

(1967).  We affirm the convictions and sentences without comment.  We remand for the

purpose of having the trial court enter an order that dismisses, rather than denies, a motion to withdraw plea Mr. Hawthorne filed after being sentenced.

The motion to withdraw was filed by Mr. Hawthorne pro se and alleged that his plea was involuntary because the trial court failed to determine whether he understood the terms of the plea agreement, whether he understood the constitutional rights he was waiving, and whether a factual basis for the plea existed. The trial court denied the motion, finding that it was both facially insufficient and meritless.

Mr. Hawthorne filed the motion to withdraw plea after he filed a notice of appeal of his judgment and sentences. Because the filing of a notice of appeal divests the trial court of jurisdiction, the trial court should have dismissed the motion on that basis instead of denying it. See Mingo v. State, 914 So. 2d 1070, 1070 (Fla. 2d DCA 2005); Wilson v. State, 814 So. 2d 1203, 1204 (Fla. 2d DCA 2002). Inasmuch as the trial court was without jurisdiction to reach the merits of Mr. Hawthorne's pro se motion, we must remand with instructions for the trial court to vacate its order denying that motion and to enter an order dismissing it for lack of jurisdiction. See id. In that connection, it is not clear from our record whether Mr. Hawthorne was also represented by counsel at the time he filed his pro se motion to withdraw plea. If, on remand, the trial court finds that Mr. Hawthorne was represented and did not move to discharge counsel, it should instead, after vacating the denial order, strike Mr. Hawthorne's motion as an unauthorized pro se pleading. See Mingo, 914 So. 2d at 1070; Sharp v. State, 884 So. 2d 510, 512 (Fla. 2d DCA 2004). Neither disposition reaches the merits of Mr. Hawthorne's claim that his plea was involuntary.

Affirmed; remanded with instructions.

BLACK and ROTHSTEIN-YOUAKIM, JJ., Concur.