COHEN, J.
Kyle C. Carroll appeals the dismissal of his Florida Rule of Criminal Procedure 3.170(l ) motion to withdraw his violation of probation plea. The issue on appeal is whether following the entry of a final judgment *1271 and sentence, a pro se notice of appeal filed by a defendant represented by counsel divests the trial court of jurisdiction. We hold that it does.
Carroll was sentenced to prison followed by probation for the conviction of robbery with a weapon. While on probation and after completing the prison portion of his sentence, Carroll was again arrested for robbery with a weapon and related charges. Represented by counsel, Carroll pled guilty to violating his probation, and the trial court sentenced him to ten years in the Department of Corrections.
Shortly thereafter, and while still represented by counsel, Carroll filed a pro se notice of appeal. Subsequently, Carroll filed a pro se motion to withdraw his plea pursuant to Rule 3.170(l ).[1] The trial court, relying on Cunningham v. State, 838 So.2d 1209, 1210 (Fla. 2d DCA 2003), dismissed Carroll's motion to withdraw his plea, ruling that the notice of appeal divested it of jurisdiction to hear the motion. This appeal followed.
We review the trial court's exercise of jurisdiction during the pendency of an appeal de novo. Terry v. State, 263 So.3d 799, 801-02, at *2 (Fla. 4th DCA 2019) (citing Rogers v. State, 33 So.3d 805, 806 (Fla. 1st DCA 2010) ). On appeal, Carroll argues that the trial court erred in dismissing his Rule 3.170(l ) motion to withdraw his plea because his pro se notice of appeal was a legal nullity, as he filed it while represented by counsel. The State argues that pursuant to Wilson v. State, 814 So.2d 1203 (Fla. 2d DCA 2002), a notice of appeal divests a trial court of jurisdiction to rule on a subsequently filed motion to withdraw plea, even if the notice of appeal was filed pro se by a represented defendant. Id. However, while the court in Wilson held that the trial court did not have jurisdiction over the defendant's pro se motion to withdraw his plea filed after he filed his pro se notice of appeal, the court did not specify whether counsel represented the defendant when he filed his pro se notice of appeal. Id. at 1204.[2]
We find Sharp v. State, 884 So.2d 510, 511-12 (Fla. 2d DCA 2004), to be more instructive. Following a guilty plea and sentencing, Sharp filed a pro se motion to withdraw his plea pursuant to Rule 3.170(l ) while still represented by counsel. Id. at 511. Sharp then filed a notice of appeal before the trial court ruled on his motion, and subsequently filed a second pro se motion to withdraw his plea. Id."Again, Sharp did not seek the discharge of trial counsel." Id. The trial court dismissed the second motion for lack of jurisdiction due to the pending appeal. Id. The Second District agreed and noted that "[p]rocedurally, Sharp's second motion to withdraw plea differs from the first in that Sharp filed it after he filed a notice of appeal. Id. at 512. As a result, the trial court lacked jurisdiction to consider or rule on the motion." Id. (citations omitted). The court held that "[t]he filing of the notice of appeal 'divested the trial court of jurisdiction to enter any further rulings in the case, including a ruling on [the] subsequently filed motion to withdraw his *1272 plea.' " Id. (quoting Wilson, 814 So.2d at 1204 ).
Though the court only explicitly stated that counsel represented Sharp when he filed his first and second pro se motions to withdraw his plea, its notation that Sharp "still had counsel of record in the trial court when he filed the second motion" suggests that counsel represented Sharp throughout the proceeding, including when Sharp filed his notice of appeal. Id. Despite the fact that Sharp filed his notice of appeal while represented, the court held that the pending appeal divested the trial court of jurisdiction to rule on his subsequently filed pro se motion to withdraw his plea. Thus, it reversed the order of dismissal with instruction to strike the motion "[b]ecause the trial court did not have jurisdiction to consider the second motion during the pendency of the appeal." Id.
When a defendant files a notice of appeal following the entry of a final judgment and sentence, whether ultimately determined to be effectual or not, the trial court is divested of jurisdiction. See id. Unlike most pro se pleadings filed by represented defendants, which courts strike as nullities,[3] the filing of a notice of appeal has jurisdictional consequences for both the trial and appellate court. Appellate courts are not in a position to know whether a notice of appeal received following the entry of a final judgment and sentence was appropriately filed by a pro se litigant and, as occurred in the instant case, accept such filings and open a new case. It should not be the responsibility of the clerk of the appellate court to determine the status of legal representation or validity of a notice of appeal. Likewise, it should not be the province of the trial court to rule upon an appellate court's jurisdiction.
We find that the trial court did not err in finding that the notice of appeal filed following the entry of Carroll's final judgment and sentence divested it of jurisdiction to consider his subsequent motion to withdraw his plea. However, because the court could not consider the motion at all, we reverse its dismissal and remand with instructions to strike the motion. See id. at 512. As the trial court's order noted, Carroll is not without a possible remedy-he may still file a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
REVERSED and REMANDED with instructions.
BERGER and EDWARDS, JJ., concur.

Following the imposition of the sentence, the State dropped the new substantive charges. Carroll takes the position, incorrectly, that as a result, there was no basis to find that he violated his probation.

We too note that while Cunningham, 838 So.2d at 1209, also involved a motion to withdraw a plea filed after a notice of appeal, it did not address the jurisdictional effect of a pro se notice of appeal filed by a represented defendant following the entry of a judgment and sentence. Cunningham merely notes that counsel no longer represented Cunningham when he filed the pro se motion to withdraw his plea. Id. at 1210 n.1.

See Cornelius v. State, 223 So.3d 398, 401 (Fla. 5th DCA 2017) ("Courts have adopted the general rule, with limited exceptions not applicable here, that a pro se pleading is a nullity and must be stricken if it is filed while the defendant is represented by counsel." (citations omitted) ).