HARRIS, J.
Jesse Berben appeals his conviction and sentence on twenty counts of possession of child pornography. We affirm Berben's convictions without comment. With respect to his sentence, Berben argues only that the disproportionality of his 100-year sentence (five year sentences on each of the twenty counts to run consecutively) violated constitutional prohibitions against cruel and unusual punishment. We find that claim lacks merit. See Rogers v. State, 96 So.3d 922, 923 (Fla. 5th DCA 2012) (holding composite sentence of 75 years in prison resulting from defendant's conviction on 125 counts of possession of child pornography did not constitute cruel and unusual punishment under state or federal constitutions, even though all 125 images were *237 on single compact disc read-only memory (CD-ROM) and defendant had no prior felony convictions). However, a review of Berben's Eighth Amendment claim revealed a different violation of Berben's constitutional due process rights-the trial court based Berben's lengthy sentence on improper considerations and findings.
Berben was charged with and ultimately found guilty of twenty counts of knowingly possessing, controlling, or intentionally viewing images depicting child pornography under section 827.071(5)(a), Florida Statutes (2015). Significantly, he was not charged under the preceding subsection with promoting (which includes procuring, distributing, and disseminating) or possessing with the intent to promote, any of the images found on his computer. § 827.071(4), Fla. Stat. (2015). Despite no evidence that Berben intentionally or actively distributed or shared those images with anyone, the trial court considered this uncharged crime in sentencing Berben and made the following comments:
This was a quite troubling case to me. The images that we saw at trial of children being sexually abused, very young children being sexually abused that were on your computer, not just for you to look at, which is bad enough, but for you to share with others or anybody else out there on the internet , was most disturbing and warrants a lengthy prison sentence. I see little difference, and I agree with the State, I see little difference in culpability between those who actually sexually abuse and exploit children and those who encourage and promote conduct by downloading and sharing videos of such, which I think warrants a significant sentence.
(emphasis added). The trial court then imposed twenty consecutive five-year sentences.
"Generally, the trial court's imposition of a sentence that is within the minimum and maximum limits set by the legislature 'is a matter for the trial [c]ourt in the exercise of its discretion, which cannot be inquired into upon the appellate level.' " Nusspickel v. State, 966 So.2d 441, 444 (Fla. 2d DCA 2007) (quoting Shellman v. State, 222 So.2d 789, 790 (Fla. 2d DCA 1969) ). However, an exception exists when the trial court considers constitutionally impermissible factors in imposing a sentence. See Kenner v. State, 208 So.3d 271 (Fla. 5th DCA 2016). One such constitutionally impermissible sentencing factor would be a crime with which the defendant was never charged. See Hernandez v. State, 145 So.3d 902, 905 (Fla. 2d DCA 2014). "[W]hen a trial court relies on impermissible factors in sentencing a defendant, the court violates the defendant's due process rights," committing fundamental error. N.D.W. v. State, 235 So.3d 1001, 1002 (Fla. 2d DCA 2017) (quoting Charles v. State, 204 So.3d 63, 66 (Fla. 4th DCA 2016) ); see also McGill v. State, 148 So.3d 531, 531 (Fla. 5th DCA 2014) (holding that trial court erred where it "improperly relied on unsubstantiated allegations" that defendant committed other, uncharged crimes); Epprecht v. State, 488 So.2d 129, 130-31 (Fla. 3d DCA 1986) (reversing a life sentence because, at sentencing, trial court remarked that defendant has not "hurt anyone that we know about," and "[u]sually with people such as yourself ... who have been found guilty in so many cases, there are probably many other charges that we don't even know about").
Here, when imposing the sentence, the trial court made specific and unsubstantiated comments, concluding that Berben had actually distributed the pornographic images and further equating such conduct to actual, physical or sexual abuse of a minor. These comments make clear *238 that the assumption that Berben distributed pornographic images is what the trial court felt "warrant[ed] a significant sentence." Further, the trial court saw "little difference in the culpability between those who actually sexually abuse and exploit children and those who encourage and promote conduct by downloading and sharing videos of such," neither of which Berben was charged with.
It is true, as the dissent points out, that the sentencing error upon which we reverse Berben's sentence was neither preserved below nor specifically briefed on appeal. Generally, an appellate court will not consider a sentencing error if the issue was not preserved for review by an objection at the time of sentencing or by a timely motion pursuant to Florida Rule of Criminal Procedure 3.800(b). See Brannon v. State, 850 So.2d 452 (Fla. 2003). However, even the opinion relied upon by the dissent recognizes that "there are instances where errors are so glaring or fundamental that a court will adjudicate them on its own initiative in its original opinion." Polyglycoat Corp. v. Hirsch Distrib., Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983). In these rare cases, an appellate court may sua sponte address such an error if it is determined to be fundamental and is apparent on the face of the record. Bell v. State, 289 So.2d 388, 391 (Fla. 1973) ("It is the long standing rule of this Court that when assignments of error are not argued in the briefs they will be deemed abandoned unless jurisdictional or fundamental error appears in the record."); see also Mordenti v. State, 630 So.2d 1080, 1084 (Fla. 1994) (holding that fundamental error must be "equivalent to a denial of due process"); Randall v. Griffin, 204 So.3d 965, 967 (Fla. 5th DCA 2016) ("Appellate courts may not address an issue not raised in the briefs unless the issue amounts to fundamental error."); Hendricks v. State, 34 So.3d 819, 828 (Fla. 1st DCA 2010) (holding that it is appellate court's "unrenunciable judicial duty" to correct fundamental error even if not raised).
We find from the face of the record before us that Berben's sentence was based on the trial court's consideration of, and reliance upon, constitutionally impermissible factors. Accordingly, we affirm the conviction, but remand for resentencing before another judge. See Kenner, 208 So.3d at 278.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED with instructions.
COHEN, J., concurs and concurs specially, with opinion.
GROSSHANS, J., dissents, with opinion.
COHEN, J., concurs and concurs specially, with opinion.
I agree that at sentencing, the trial judge improperly considered conduct for which Berben was never charged and in doing so, committed fundamental error. As a result, Berben, a veteran with no criminal history, was effectively sentenced to life in prison. Just as we do not punish an individual who possesses illegal drugs the same as one who manufactures or sells drugs, so too do we distinguish punishment for one who possesses child pornography from one who sexually assaults children or manufactures or distributes child pornography. Berben was not convicted of distributing child pornography and should not have been sentenced as if he had. Make no mistake, those who possess child pornography face lengthy prison sentences. However, they are not generally sentenced to life in prison.[1]
*239 While the dissent correctly asserts that we have no duty to undertake a fundamental error analysis, we do, however, have a duty to ensure that justice is applied fairly and evenly. E.g., Smith v. State, 521 So.2d 106, 108 (Fla. 1988) (explaining that fundamental error should apply "where the interests of justice present a compelling demand for its application" (citing Ray v. State, 403 So.2d 956 (Fla. 1981) ). It is also a well-established practice of this Court to remedy fundamental errors on the face of the record.[2] E.g., Honaker v. State, 199 So.3d 1068, 1070 (Fla. 5th DCA 2016) ; Johnson v. State, 574 So.2d 222, 224 (Fla. 5th DCA 1991) ; Goss v. State, 398 So.2d 998, 999 (Fla. 5th DCA 1981). I agree that a finding of reversible error that was neither preserved at the trial level nor argued on appeal should be a rare circumstance; this is that rare case. We cannot simply ignore the fundamental sentencing error under the guise of "judicial restraint."
Further, lawyers for both the State and defendants often lead trial courts into committing reversible error when advocating for their clients. Here, at the sentencing hearing, the prosecutor encouraged the trial court to consider conduct that the same prosecutor elected not to charge. The dissent's attempt to justify the trial court's statements by reference to an improper argument is unpersuasive.
The reprehensible nature of the images introduced as evidence is not in dispute. Rather, the issue is whether the trial court fundamentally erred by considering uncharged conduct when it imposed a life sentence for a non-violent felony on a first-time offender. In this case, it is evident on the face of the record that the trial court relied on constitutionally impermissible factors in sentencing Berben and thus, reversal is warranted.
GROSSHANS, J., dissents.
The majority opinion finds no basis to reverse Berben's judgment and sentence based upon the issues briefed and argued before this court. However, after reaching into the record and questioning statements made by the trial judge during sentencing, it reverses the defendant's sentence, holding that it is apparent on the face of the record that the trial court committed fundamental error by relying on impermissible factors. I disagree for two reasons.
First, in my view, the majority should not sua sponte raise this issue. The defendant's briefs did not challenge the trial court's statements at sentencing. Yet, the majority reverses based on them. As an appellate court, our role is not to act as counsel for a party by raising issues that were not briefed. Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983). "[I]t is not the function of the Court to rebrief an appeal" and thereby "become an advocate." Id.; see also Flores v. State, 211 So.3d 68, 70 (Fla. 4th DCA 2017). Moreover, when we do so, we deprive the State of any opportunity to brief and argue the issue. See I.R.C. v. State, 968 So.2d 583, 588 (Fla. 2d DCA 2007) (recognizing that a party should not be required to foresee and respond to the limitless potential issues for reversal advanced by a reviewing court).
Consistent with this principle of appellate restraint, this court has no duty to *240 undertake a fundamental error analysis when the defendant fails to raise the issue. See Wheeler v. State, 87 So.3d 5, 6 (Fla. 5th DCA 2012) (en banc); see also Ferguson v. State, 200 So.3d 106, 110-11 (Fla. 5th DCA 2015) (declining to consider whether improper testimony rose to the level of fundamental error where the defendant first raised the issue in the reply brief); Fike v. State, 4 So.3d 734, 739 (Fla. 5th DCA 2009) (noting that the burden is on the appellant to demonstrate fundamental error).
Second, I disagree with the majority's conclusion that it is apparent from the face of the record that the trial court impermissibly considered uncharged, unsubstantiated crimes, resulting in a denial of the defendant's due process rights. "The doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application." Smith v. State, 521 So.2d 106, 108 (Fla. 1988).
The legislature has recognized trial testimony and evidence as appropriate sentencing considerations. See Cabriano v. State, 211 So.3d 147, 149 (Fla. 4th DCA 2017) ; see also § 921.231, Fla. Stat. (2017). The evidence at trial involved extensive testimony related to the use of file sharing software in downloading and sharing child pornography. Contrary to the majority's assertions, there was evidence that the defendant used file sharing software, which, based on the settings of the software, allowed the videos on his laptop to be shared on the internet and encouraged the easy circulation and distribution of this illegal material. In fact, law enforcement freely downloaded a number of child pornography videos through the defendant's file sharing software in order to obtain evidence for the warrant. The majority assumes that any consideration of this properly admitted evidence by the sentencing judge amounts to an egregious due process violation, empowering this court to reverse the sentence based on its own determination absent any preservation or briefing.
At the sentencing hearing, the prosecutor relied on the facts brought forth during trial to argue for a lengthy sentence, i.e., that the defendant "had the [child pornography videos] on a software program that made them ... accessible to anybody else with that program who wanted to search for them and share them." He further noted that the defendant's possession of the child pornography enhances the market for this contraband. These were facts in evidence, not unsubstantiated claims or speculation.
The sentencing court's statement about promoting and sharing child pornography should be viewed in the context of the prosecutor's argument at sentencing. Viewing the comments in this light, I cannot agree that it is apparent on the face of the record that the trial court considered impermissible factors in sentencing the defendant. Stated differently, the judge's comments could reflect that it considered trial testimony, which revealed that the defendant's actions contributed to the market for this illegal activity as a whole. Such a consideration would not undermine the severe, but statutorily-authorized sentence, particularly given the heinous nature of the videos.
Thus, for the two reasons given above, I respectfully dissent from the majority opinion and would affirm the judgment and sentence.

According to statistics provided by the Florida Department of Corrections, the average sentence length for the roughly 600 inmates serving time for violating section 827.071(5)(a), Florida Statutes, is 12.3 years.

Where a defendant files an Anders brief, we commonly look for fundamental error by thoroughly examining the record and addressing issues not raised. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).