NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

INDASIA UNDERWOOD,                      )
                                        )
            Appellant,                  )
                                        )
v.                                      )            Case No. 2D17-4525
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____ )

Opinion filed May 24, 2019.

Appeal from the Circuit Court for Polk
County; Kelly P. Butz, Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew D. Bernstein, Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, for Appellee.

CASANUEVA, Judge.

        In this Anders[1] appeal, Indasia Underwood appeals an order of revocation

of community control and a judgment and sentence for one count of unlawful

possession of the personal identification information of another (five or more).  We

affirm the judgment, sentence, and order of revocation without comment.

_____

        [1]Anders v. California, 386 U.S. 738 (1967).

After sentencing, Ms. Underwood filed a pro se motion for mitigation and reduction of sentence and subsequently filed a pro se notice of appeal. After the notice of appeal was filed, the trial court entered an order denying the motion for mitigation and reduction of sentence. The trial court was without jurisdiction to consider the motion after the notice of appeal was filed. See Othouse v. State, 912 So. 2d 682, 682 (Fla. 2d DCA 2005). The trial court should have dismissed the motion rather than deny it. See Hawthorne v. State, 226 So. 3d 292, 293 (Fla. 2d DCA 2017) ("Because the filing of a notice of appeal divests the trial court of jurisdiction, the trial court should have dismissed the motion on that basis instead of denying it."). Accordingly, we remand for the trial court to vacate the order denying the motion for mitigation and reduction of sentence and enter an order dismissing the motion for lack of jurisdiction. Our affirmance is without prejudice to any right Ms. Underwood may have to raise this issue in a timely motion for postconviction relief. See Fla. R. Crim. P. 3.800(c).

Affirmed; remanded with instructions.

VILLANTI and ATKINSON, JJ., Concur.