IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JILLIAN SCHAEFER,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

Case No.  5D21-816
LT Case No. 2019-301285-CFDB

Opinion filed June 17, 2022

Appeal from the Circuit Court
for Volusia County,
Matthew M. Foxman, Judge.

Anthony M. Candela, of Candela Law
Firm, P.A., Riverview, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Richard Alexander
Pallas, Jr., Assistant Attorney
General, Daytona Beach, for Appellee.

WOZNIAK, J.

      Jillian Schaefer appeals the judgment and sentence imposed following

her open guilty plea to the trial court on one count of leaving the scene of a

crash with death and one count of driving under the influence causing death.[1] As a result of her open plea, Schaefer was sentenced to two ten-year prison sentences with five years of probation. Shortly after sentencing, Schaefer filed a timely notice of appeal. After she filed her notice of appeal, Schaefer filed a motion to withdraw her plea in the trial court, which the trial court denied while this appeal was pending.

In this appeal, Schaefer raises one argument directed to the judgment, challenging the judgment on double jeopardy grounds as to the two offenses charged, and two arguments directed to the denial of her motion to withdraw her plea, the first asserting that the trial court should have held an evidentiary hearing on the motion to withdraw plea and the second asserting that the plea was involuntary. For the reasons that follow, we affirm the judgment and sentence and decline to consider the trial court's order denying Schaefer's motion to withdraw plea.

A defendant who pleads guilty or nolo contendere with no express reservation of the right to appeal a legally dispositive issue has no right to a direct appeal. §§ 924.06(3), .051(4), Fla. Stat. (2021). Schaefer did not expressly reserve the right to appeal the double jeopardy issue in the trial

---

[1] *See* § 316.027(2)(c), Fla. Stat. (2019) (leaving scene of crash with death); § 316.193(3)(c)3.a., Fla. Stat. (2019) (driving under the influence causing death).

court, as required by Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i), or raise issues that may otherwise be raised in a direct appeal, as identified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii). Therefore, this Court affirms the judgment and sentence. *See Leonard v. State*, 760 So. 2d 114, 119 (Fla. 2000) (directing district courts to affirm "when the court determines that an appeal does not present . . . a legally dispositive issue that was expressly reserved for appellate review pursuant to section 924.051(4)"); *see also Jamerson v. State*, 291 So. 3d 638, 640 (Fla. 5th DCA 2020) (citing *Leonard* and stating that "[u]nder the circumstances, we are obliged to affirm the convictions and sentences").

We do not consider Schaefer's two remaining arguments directed to the denial of her motion to withdraw her plea because Schaefer improperly filed her motion, and the motion was denied, during the pendency of this appeal when the trial court lacked jurisdiction to proceed. Additionally, Schaefer did not file a notice of appeal to place that order before this Court. *See Jackson v. State*, 190 So. 3d 98, 98 n.1 (Fla. 4th DCA 2015) ("We decline to consider the trial court's order denying appellant's motion to withdraw plea because it was entered after the notice of appeal was filed, at which point the trial court lacked jurisdiction to proceed. Also, no notice of appeal places that order before this court." (citing *Smith v. State*, 113 So. 3d

110, 111 (Fla. 5th DCA 2013) (affirming dismissal of first motion to withdraw plea because trial court lacked jurisdiction to entertain motion during pendency of appeal and reversing order denying second motion to withdraw plea as untimely))); *see also Wilson v. State*, 814 So. 2d 1203, 1204 (Fla. 2d DCA 2002) ("The jurisdictional problem arises because, by filing his notice of appeal, Wilson divested the trial court of jurisdiction to enter any further rulings in the case, including a ruling on Wilson's subsequently filed motion to withdraw his plea.").  Our decision is without prejudice to Schaefer seeking any timely and appropriate postconviction relief.

AFFIRMED in part and DISMISSED in part.

WALLIS and SASSO, JJ., concur.

4