DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

AHMOD CLARK,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-1701

_____

July 9, 2025

Appeal from the Circuit Court for Pinellas County; Philippe Matthey, Judge.

Blair Allen, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Laura Dempsey, Assistant Attorney General, Tampa, for Appellee.

LABRIT, Judge.

Ahmod Clark appeals from his judgment and sentences for burglary and obstructing or resisting an officer without violence. The trial court struck Mr. Clark's pro se motion to withdraw his guilty plea, and it denied a second pro se motion he filed seeking to amend his plea. We affirm the order striking Mr. Clark's first motion without comment. But we are compelled to reverse the order denying Mr. Clark's second motion because the trial court lacked jurisdiction to enter it. *See 84*

*Lumber Co. v. Cooper*, 656 So. 2d 1297, 1299 (Fla. 2d DCA 1994); *see also Polk County v. Sofka*, 702 So. 2d 1243, 1245 (Fla. 1997) ("[I]f want of jurisdiction appears at any stage of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order." (quoting *West 132 Feet v. City of Orlando*, 86 So. 197, 199 (Fla. 1920))).

Mr. Clark filed his second motion on July 25, 2024—three days *after* he filed his notice of appeal on July 22, 2024. Mr. Clark's notice of appeal divested the trial court of jurisdiction to rule on any subsequent filings, including the motion filed July 25, 2024. *See Mingo v. State*, 914 So. 2d 1070, 1070 (Fla. 2d DCA 2005); *Williams v. State*, 903 So. 2d 1062, 1063–64 (Fla. 2d DCA 2005); *Sharp v. State*, 884 So. 2d 510, 512 (Fla. 2d DCA 2004). Rather than striking that motion or dismissing it for lack of jurisdiction, however, the trial court denied the motion on the merits through an order dated August 9, 2024.

The parties agree that the trial court lacked jurisdiction to enter this order. We therefore reverse the order denying Mr. Clark's motion filed July 25, 2024, and we remand with directions to strike that motion.

Affirmed in part; reversed in part; remanded with directions.

ATKINSON and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.