ROTHENBERG, J.
 

 On Rehearing
 

 Upon this Court’s own motion, we grant rehearing, withdraw this Court’s opinions issued on August 12, 2009, and February 3, 2010, and issue the following opinion in its stead.
 

 Tyrone Hutchinson (“the defendant”) appeals from an order denying his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. Although we affirm, we do so without prejudice to the defendant’s right to pursue the remedy he seeks through an alternate means.
 

 In October 2001, pursuant to a negotiated plea, the defendant pled guilty to the charge of robbery while armed with a weapon and was sentenced as a youthful offender to one year of community control followed by thirty months of probation. In conjunction with this plea, the trial court’s supervision order unambiguously provided that a violation of its terms would result in a five-year prison sentence.
 

 In December 2001, an affidavit of violation of community control was filed against the defendant when he absconded from his supervision and his whereabouts became unknown. Although a warrant was issued for the defendant’s arrest, he was not immediately apprehended. In July 2002, the defendant was convicted of three counts of burglary in Illinois.
 

 In September 2005, the defendant was returned to the Florida trial court, where he entered into a negotiated plea wherein he pled guilty to the community control violations alleged in the affidavit and he was sentenced to ten years incarceration despite the unambiguous language in the 2001 supervision order stating that upon a violation of the defendant’s supervision, he would be sentenced to a term of five years incarceration.
 

 Nearly two years after accepting the ten-year plea offer, in July 2007, and within two years from the date his sentence became final, the defendant filed a motion to correct illegal sentence pursuant to rule 3.800, alleging that he should have been sentenced to five years in prison in accordance with his October 2001 plea and the supervision order. The trial court denied the motion as legally insufficient. The defendant did not appeal that order.
 

 In October 2007, the defendant filed a second motion to correct his sentence pursuant to rule 3.800. Approximately two months later, the trial court denied the motion upon the same grounds as the first (July 2007) motion. Again, the defendant did not appeal the trial court’s order.
 

 In March 2008, the defendant filed the instant motion to correct illegal sentence pursuant to rule 3.800. Once again, the trial court denied the motion. The defendant appeals from that decision.
 

 
 *1230
 
 The defendant claims that the trial court failed to impose the sentence the original sentencing judge agreed would be imposed upon a violation of the defendant’s supervision. Thus, what the defendant is seeking is the enforcement of his October 2001 plea. Under the facts of this case, we conclude that rule 3.800 is, however, not the appropriate avenue to address the defendant’s claim.
 

 First, we note that there is nothing “illegal” about the sentence imposed in 2005. The trial court imposed a ten year sentence. The maximum penalty for the offense of armed robbery is life imprisonment. The sentence imposed was based on a negotiated plea wherein the defendant waived his right to a hearing in exchange for the ten year sentence.
 

 Second, and perhaps more importantly, the trial court could not logistically “enforce the terms of the 2001 plea” without allowing the defendant to withdraw his subsequent 2005 plea on the basis of ineffective assistance of counsel or because it was not a knowing, free and voluntary plea. A motion to vacate a plea under any of these grounds must be filed pursuant to rule 3.850, not rule 3.800. Rule 3.800 is not the proper remedy where issues of waiver, effectiveness of defense counsel, or voluntariness of a plea are involved.
 
 See Elbert v. State,
 
 20 So.3d 961, 962 (Fla. 2d DCA 2009) (noting that post-conviction court properly treated portions of “motion to correct illegal sentence” as motion filed under rule 3.850 as claims alleged ineffective assistance of trial counsel and involuntariness of plea);
 
 Collins v. State,
 
 859 So.2d 1244, 1245 (Fla. 5th DCA 2003) (noting that claims of ineffective assistance of trial counsel and involuntariness of plea are properly raised in a timely 3.850 motion for postconviction relief);
 
 Patterson v. State,
 
 664 So.2d 31, 32 (Fla. 4th DCA 1998) (holding that issues relating to ineffective assistance of trial counsel and involuntariness of plea should be raised in a rule 3.850 motion, not a petition for habeas corpus relief).
 

 Lastly, for a sentence to be subject to correction under rule 3.800, the illegality must be revealed by the face of the record and determinable without an evi-dentiary hearing.
 
 State v. Mancino,
 
 714 So.2d 429 (Fla.1998);
 
 Hopping v. State,
 
 708 So.2d 263 (Fla.1998). Here, we are unable to determine the validity of the defendant’s claim by the record provided.
 

 Thus, we conclude that although the original sentencing judge allegedly agreed in 2001 to sentence the defendant to five years upon a violation of the defendant’s supervision, because: (1) the defendant subsequently agreed in 2005 to the ten year sentence imposed when he violated his supervision; (2) he was represented by counsel when he accepted the ten year sentence; and (3) the sentence does not exceed the statutory maximum and is not otherwise an “illegal sentence,” the defendant may not seek relief from the 2005 negotiated plea by way of rule 3.800. The defendant must, instead, seek a remedy pursuant to rule 3.850 on the basis of ineffective assistance of counsel or the vol-untariness of the plea. Accordingly, we affirm the trial court’s order denying the defendant relief under rule 3.800.
 

 Although the two-year time limitation for filing a motion pursuant to rule 3.850 has long passed, the defendant may not be without a remedy as our decision is without prejudice to the defendant’s right to seek habeas corpus relief if he can establish a manifest injustice.
 
 See Adams v. State,
 
 957 So.2d 1183 (Fla. 3d DCA 2006).
 

 Although the record on appeal is not complete, it appears that in 2001, when the defendant pled guilty to armed robbery, the State and the trial court promised the
 
 *1231
 
 defendant-, in exchange for his guilty plea, that upon a violation of his supervision order he would receive a five-year term of imprisonment. As it happened, the defendant did violate the conditions of the supervision order. However, he was sentenced to ten years in prison. While the record reflects that the ten-year sentence imposed by the trial court was agreed to by the defendant, who was represented by counsel, it would appear that the defendant’s plea was the result of ineffective assistance of counsel unless there was a knowing and voluntary waiver by the defendant of the five-year sentence he was told he would be sentenced to upon a violation of his supervision.
 

 In conclusion, we affirm the order on appeal denying relief pursuant to rule 3.800. However, if after reviewing the transcripts of the original 2001 plea to community control followed by probation, and the 2005 plea accepting a sentence of ten years, the defendant believes he is entitled to relief, the defendant may file a habeas corpus petition.
 
 [1]
 
 The trial court is instructed to consider any such petition in a manner consistent with this opinion.
 

 Due to the novelty and complexity of the issues involved in this appeal, we hereby appoint the Public Defender’s Office to represent the defendant and pursue the appropriate relief at the trial level and at the appellate level, if an appeal is taken.
 

 Affirmed with instructions.
 

 [1]
 

 . Neither the 2001 transcript nor the 2005 transcript was provided by the defendant for review on appeal.