CRENSHAW, Judge.
 

 Michael Shane Franklin appeals the order striking without prejudice his motion to withdraw plea, filed pursuant to Florida Rule of Criminal Procedure 3.170(i). We reverse and remand for further proceedings because Franklin’s motion should have been treated as a motion for postcon-viction relief under Florida Rule of Criminal Procedure 8.850.
 

 Franklin was sentenced on May 23, 2008. He filed the instant motion, styled as a motion to withdraw plea, on October 15, 2009. The motion was untimely under rule 3.170(i), which requires filing within thirty days after sentencing. The court declined to treat the motion as if it had been filed under rule 3.850, finding that it did not contain an oath as required by that rule. However, not only did Franklin’s motion include a proper oath, it was filed within two years after sentencing, as required by rule 3.850, and raised claims that would be appropriate in a rule 3.850 motion. Because Franklin’s motion met the procedural requirements of rule 3.850, the court should have treated it as a motion for postconviction relief.
 
 See Houghtaling v. State,
 
 670 So.2d 1019, 1019 (Fla. 2d DCA 1996). Accordingly, we reverse and re-
 
 *949
 
 mancl for the circuit court to treat Franklin’s motion as if it had been filed under rule 3.850.
 

 Reversed and remanded for further proceedings.
 

 ALTENBERND and KHOUZAM, JJ., Concur.