NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THOMAS DAVIS,                            )
                                         )
          Appellant,                     )
                                         )
v.                                       )          Case No. 2D14-1413
                                         )
STATE OF FLORIDA,                        )
                                         )
          Appellee.                      )
_____  )

Opinion filed January 14, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Reinaldo Ojeda, Judge.

Thomas Davis, pro se.

PER CURIAM.

          Thomas Davis appeals the order denying his belated motion to withdraw

plea, which the postconviction court denied as untimely without prejudice to file a motion

for postconviction relief under Florida Rule of Criminal Procedure 3.850.  Because the

circuit court erred in not resolving the belated motion on the merits as if filed under rule

3.850, we reverse.

          Davis's motion was styled as a motion to withdraw plea under rule

3.170(*l*), and while the postconviction court correctly determined that the motion was

untimely under that rule because it was not filed within thirty days of the rendition of the sentence, the analysis should not have ended there. When a defendant files a motion to withdraw plea under rule 3.170(*l*), but the time to file such a motion has passed, the postconviction court should consider it under rule 3.850 so long as it meets the procedural requirements under that rule. See Franklin v. State, 31 So. 3d 948, 948 (Fla. 2d DCA 2010) (citing Houghtaling v. State, 670 So. 2d 1019, 1019 (Fla. 2d DCA 1996)).

As in Franklin, Davis's motion was timely, under oath, and raised claims that would be appropriate in a rule 3.850 motion. Accordingly, we reverse and remand for the postconviction court to consider the motion under that rule.

Reversed and remanded.

VILLANTI, WALLACE, and CRENSHAW, JJ., Concur.