WALLIS, J.
Appellant pro se appeals the trial court’s dismissal of a motion to withdraw plea as untimely and argues that the trial court should have treated the motion as a petition for ineffective assistance of counsel based on defense counsel’s misadvice before Appellant entered his plea. We agree.[1] See Davis v. State, 154 So.3d 1203, 1203 (Fla. 2d DCA 2015) (“When a defendant files a motion to withdraw plea under rule 3.170(0, but the time to file such a motion has passed, the postconviction court should consider it under rule 3.850 so long as it meets the procedural *1080 requirements under that rule.” (citing Franklin v. State, 31 So.3d 948, 948 (Fla. 2d DCA 2010))). Often, in this situation, we affirm the trial court’s ruling without prejudice for the appellant to timely file a rule 3.850 motion. See, e.g., Anderson v. State, 116 So.3d 614 (Fla. 5th DCA 2013). In this case, Appellant’s motion to withdraw plea, if interpreted as a rule 3.850 motion, was timely filed. See Pearson v. State, 141 So.3d 722, 723 (Fla. 3d DCA 2014) (citing Ramos v. State, 658 So.2d 169 (Fla. 3d DCA 1995)). However, considering that the time to file a motion for post-conviction relief will likely expire or leave very little time to timely file a rule 3.850 motion, perhaps a matter of days, we reverse the trial court’s order denying Appellant’s motion, remand for the trial court to treat it as a timely filed rule 3.850 motion, and allow amendment if necessary.
REVERSED and REMANDED with INSTRUCTIONS.
ORFINGER and EDWARDS, JJ., concur.

. We appreciate the State’s candor by conceding error in response to Appellant's appeal.