# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5129
_____

JOSEPH LUIS LEVIN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

April 22, 2019

PER CURIAM.

The Appellant, Joseph Luis Levin, appeals from an order denying his postconviction motions brought pursuant to Florida Rule of Criminal Procedure 3.850. We reverse as to the denial of the two claims discussed below. As to all other claims, we affirm.

On March 21, 2015, the Appellant pled guilty to six counts of lewd or lascivious battery, one count of soliciting a child via computer, and one count of traveling to meet a minor to do unlawful acts. On July 9, 2015, he was sentenced to a total of 44 years in prison followed by 10 years on sex offender probation.

He subsequently filed a motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(*l*). The trial court appointed counsel, conducted an evidentiary hearing, and denied

the motion on the merits. This Court affirmed on direct appeal. *See Levin v. State*, 195 So. 3d 375 (Fla. 1st DCA 2016) (Table). In 2017, the Appellant filed a motion to correct illegal sentence, which was summarily denied. This Court affirmed the order of denial. *See Levin v. State*, 226 So. 3d 819 (Fla. 1st DCA 2017) (Table).

That same year, the Appellant filed a timely rule 3.850 motion and a series of amended or supplemental rule 3.850 motions. In two of his claims, he argued that his attorney was ineffective for failing to investigate his competency and seek a competency hearing before he entered a guilty plea. He alleged that in March or April of 2014, he told counsel that he had been involved in clandestine law enforcement operations in connection with a phantom hacker. He asserted that counsel became concerned about his mental health and suggested that he be evaluated by an expert. He claimed that she did not seek a competency evaluation until May of 2015, after he had already pled guilty. He alleged that the expert who evaluated him determined that he suffered from severe delusional psychosis and recommended that counsel withdraw his guilty plea. He alleged that counsel rejected this advice and proceeded to sentencing. He claimed that since his sentencing in this case, he has been diagnosed with bipolar disorder and schizophrenia, and he has been declared incompetent in another case. These allegations state a facially sufficient and cognizable claim of ineffective assistance of counsel. *See Akins v. State*, 247 So. 3d 687, 689 (Fla. 1st DCA 2018); *Thompson v. State*, 88 So. 3d 312, 319 (Fla. 4th DCA 2012).

The trial court summarily denied these claims on the basis that they were or could have been raised in his two prior appeals. There were no documents attached to support the application of a procedural bar. This was error. *See George v. State*, 710 So. 2d 146, 147 (Fla. 1st DCA 1998). Furthermore, insofar as the trial court denied the claims because they could have been raised in his previous proceedings, this was also erroneous. *See Hutchinson v. State*, 29 So. 3d 1228, 1230 (Fla. 3d DCA 2010) ("Rule 3.800 is not the proper remedy where issues of waiver, effectiveness of defense counsel, or voluntariness of a plea are involved."); *Dooley v. State*, 789 So. 2d 1082, 1083-85 (Fla. 1st DCA 2001) (providing

2

that because the claim raised in the defendant's rule 3.850 motion was neither raised in his previous motion to withdraw plea nor required to be raised in that motion, it was not procedurally barred).

In response to this Court's *Toler*[*] order, the State concedes that the record does not support the trial court's conclusion that these claims are procedurally barred. Under these circumstances, we reverse the denial of the specified claims and remand for further proceedings. If the trial court should again summarily deny these claims, it should attach records that either support the application of a procedural bar or conclusively refute the claims. Otherwise, the trial court should conduct an evidentiary hearing.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

MAKAR, WINOKUR, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Joseph Luis Levin, pro se, Appellant.

Ashley Moody, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.

_____

[*] *Toler v. State*, 493 So. 2d 489 (Fla. 1st DCA 1986) (concluding that in a postconviction appeal, a response should be requested from the state if it appears that the trial court's order should be reversed).