# Third District Court of Appeal

## State of Florida

Opinion filed June 15, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2300
Lower Tribunal Nos. F16-6834B, F11-19406

_____

**Derrick V. Hoskin,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Derrick V. Hoskin, in proper person.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before EMAS, MILLER and BOKOR, JJ.

EMAS, J.

Derrick Hoskin appeals the trial court's order denying, as untimely, his postconviction motion to withdraw plea. We reverse, because the trial court erred in treating the motion as one filed pursuant to Florida Rule of Criminal Procedure 3.170(*l*), rather than one filed pursuant to Florida Rule of Criminal Procedure 3.850(a)(5).

The relevant facts are straightforward and are not in dispute: On January 20, 2017, Hoskin entered a negotiated plea to three separate cases—a 2010 probation case, a 2011 probation case, and a 2016 case (the latter serving as a basis for a violation of Hoskin's probation in the 2010 and 2011 cases).[1] Hoskin pleaded guilty to the three felony counts in the 2016 case (and admitted to violating his probation in the 2010 and 2011 cases). His probation was revoked, he was adjudicated guilty of all charges, and he was sentenced as a habitual felony offender to ten years in state prison. The sentences imposed in all three cases were to run concurrently.

Just short of two years later (January 16, 2019), Hoskin filed a "Motion for Postconviction Relief Withdrawal of Guilty Plea," which sought to withdraw his plea based upon ineffective assistance of his trial counsel. Hoskin's motion claimed that trial counsel rendered ineffective assistance by

---

[1] Although Hoskin entered a negotiated plea to three cases, only two of those cases (F11-19406 and F16-6834B) are involved in the instant appeal.

inter alia, failing to adequately investigate the case, failing to contact key witnesses, failing to move to suppress certain evidence and statements, and in coercing Hoskin into pleading guilty and admitting that he violated his probation.

The trial court treated the motion as one seeking to withdraw the plea pursuant to rule 3.170(*l*), which provides:

> A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue **may file a motion to withdraw the plea within thirty days after rendition of the sentence**, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) except as provided by law.

(Emphasis added).

In turn, rule 9.140(b)(2)(A)(ii)(a)-(e) provides the following:

> A defendant who pleads guilty or nolo contendere may otherwise **directly appeal** only:
>
> a. the lower tribunal's lack of subject matter jurisdiction;
> b. a violation of the plea agreement, if preserved by a motion to withdraw plea;
> c. **an involuntary plea, if preserved by a motion to withdraw plea;**
> d. a sentencing error, if preserved; or
> e. as otherwise provided by law.

(Emphasis added.)

The trial court denied Hoskin's motion as untimely because it was not filed within thirty days of sentence rendition as required by rule 3.170(*l*). And

while the trial court was correct that the motion was untimely under rule 3.170(*l*), it erred in failing to treat the motion as one timely filed under 3.850(a), which provides a separate postconviction vehicle for seeking to vacate or set aside an involuntary plea based on ineffective assistance of counsel:

> (a) Grounds for Motion. **The following grounds may be claims for relief from judgment** or release from custody by a person who has been tried and found guilty or has entered a plea of guilty or nolo contendere before a court established by the laws of Florida:
> (1) the judgment was entered or sentence was imposed in violation of the Constitution or laws of the United States or the State of Florida;
> (2) the court did not have jurisdiction to enter the judgment;
> (3) the court did not have jurisdiction to impose the sentence;
> (4) the sentence exceeded the maximum authorized by law;
> (5) **the plea was involuntary**; or
> (6) the judgment or sentence is otherwise subject to collateral attack.

(Emphasis added.)

Generally, a motion seeking relief under 3.850(a) is considered timely if filed within two years after the judgment and sentence become final.  See Fla. R. Crim. P. 3.850(b).  Hoskin's motion was timely under rule 3.850, and

4

was cognizable under that rule.[2]  <u>See, e.g.</u>, <u>Davis v. State</u>, 154 So. 3d 1203 (Fla. 2d DCA 2015) (reversing trial court order that denied—as untimely under rule 3.170(*l*)—a motion to withdraw plea, remanding to the trial court for  consideration of the motion under rule 3.850, so long as it met the procedural requirements of that rule); <u>Jackson v. State</u>, 801 So. 2d 1024 (Fla. 5th DCA 2001) (holding that defendant who failed to file 3.170(l) motion to withdraw his plea within 30 days of sentencing was not precluded from filing a motion to withdraw plea pursuant to rule 3.850, alleging ineffective assistance of counsel leading to an involuntary plea); <u>Gafford v. State</u>, 783 So. 2d 1191, 1192 (Fla. 1st DCA 2001) (observing that the "[f]ailure to file a motion to withdraw the plea [pursuant to rule 3.170(l) within 30 days waives the issue for appellate review, and the defendant is limited to filing a motion pursuant to Florida rule of Criminal Procedure 3.850."). <u>See also</u> <u>Hutchinson v. State</u>, 29 So. 3d 1228 (Fla. 3d DCA 2010) (recognizing viability of a rule

---

[2] Rule 3.850 provides a procedural vehicle to challenge the voluntariness of a plea after the judgment and sentence have become final on direct appeal. By contrast, rule 3.170(*l*) (as limited by rule 9.140(b)(2)(A)(ii)) provides a vehicle to challenge the voluntariness of a plea <u>during the direct appeal process</u>.  <u>See</u> <u>Mourra v. State</u>, 884 So. 2d 316, 319 (Fla. 2d DCA 2004), abrogated on other grounds by <u>Sheppard v. State</u>, 17 So. 3d 275 (Fla. 2009) (observing that the Florida Supreme Court adopted rule 3.170(*l*) in an effort to implement the Florida Legislature's Criminal Appeal Reform Act of 1996, and noting that a rule 3.170(*l*) motion was intended to occur as a part of the initial criminal proceedings and direct appeal, when a defendant still has a right to counsel).

3.850 motion to vacate plea based on alleged involuntariness of plea); <u>Tatum v. State</u>, 27 So. 3d 700 (Fla. 3d DCA 2010) (same); <u>Miller v. State</u>, 905 So. 2d 981 (Fla. 3d DCA 2005) (holding defendant had cognizable claim for postconviction relief under rule 3.850, where he asserted his plea was involuntary due to affirmative misadvice of counsel); <u>Maura v. State</u>, 469 So. 2d 150 (Fla. 3d DCA 1985) (holding defendant was entitled to a hearing on the merits of his postconviction claim under rule 3.850, alleging, inter alia, that he was denied effective assistance of counsel, rendering his plea coerced and involuntary).

It appears Hoskin's motion may fail to meet some of the pleading requirements under rule 3.850. Under such circumstances, "the trial court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion" to state a facially sufficient claim.  Fla. R. Crim. P. 3.850(f)(2).[3] If the amended motion is still insufficient or if Hoskin fails to file an amended motion within the allotted time, the court may permit additional time to amend or may summarily deny the motion with prejudice. <u>Id.</u>

Reversed and remanded for further proceedings consistent with this opinion.

---

[3] We express no opinion whether Hoskin can state a facially sufficient claim and, if so, whether any such claim has merit.