DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

SHAUN PATRICK STEWART,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-2326

_____

October 8, 2025

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the County Court for Sarasota County; Shannon Hankin, Judge.

PER CURIAM.

Shaun Patrick Stewart appeals the order summarily denying as untimely his "motion to withdraw plea." Construing the motion as one attempting to seek relief under Florida Rule of Criminal Procedure 3.850, we affirm.

Mr. Stewart entered a negotiated plea in 2013 to misuse of a 911 system, a first-degree misdemeanor, and was ordered to pay a $100 fine and costs.[1] He filed the motion to withdraw plea in 2024. The postconviction court treated the motion as if it were filed pursuant to

_____

[1] The postconviction court referenced but did not attach the judgment and sentence. By prior order we directed the lower tribunal clerk to supplement the record. *See Harvester v. State*, 817 So. 2d 1048, 1049 (Fla. 2d DCA 2002).

Florida Rule of Criminal Procedure 3.170(*l*) and denied it as untimely because it was filed more than ten years after he entered his plea. *See Gafford v. State*, 783 So. 2d 1191, 1192 (Fla. 1st DCA 2001) (holding that the thirty-day time limit under rule 3.170(*l*) is jurisdictional).

Although the postconviction court was correct to that extent, its analysis was incomplete. When a defendant files a motion to withdraw plea under rule 3.170(*l*) but the time to file such a motion has passed, the postconviction court should instead consider the motion as one under Florida Rule of Criminal Procedure 3.850 if it meets the procedural requirements of that rule. *See Franklin v. State*, 31 So. 3d 948, 948 (Fla. 2d DCA 2010) (citing *Houghtaling v. State*, 670 So. 2d 1019, 1019 (Fla. 2d DCA 1996)). Here, the postconviction court does not appear to have considered whether Mr. Stewart's motion met those requirements.

Nonetheless, we affirm because it plainly did not. As a rule 3.850 motion, Mr. Stewart's motion was both untimely and insufficient. *See* Fla. R. Crim. P. 3.850(f)(1). The motion was untimely because it was filed more than two years after the judgment and sentence became final and did not establish an exception under rule 3.850(b). The motion was insufficient because it lacked the information required by rule 3.850(c) and was not certified as required by rule 3.850(n).

Accordingly, we affirm the postconviction court's denial of relief.
Affirmed.


NORTHCUTT, VILLANTI, and ROTHSTEIN-YOUAKIM, JJ., Concur.

—————————————————

Opinion subject to revision prior to official publication.

2